PEOPLE v CLARK

Docket No. 116022. Submitted October 2, 1989, at Lansing. Decided
December 19, 1989.

A Livonia undercover police officer made contact with Laurie H.
Clark and arranged to meet her at a restaurant in Novi for the
purpose of purchasing cocaine. After giving Clark the money at
the Novi restaurant, the officer followed Clark to a bar in
Wixom where Clark delivered the cocaine. Clark was not
arrested until a later time because of an ongoing investigation.
At the time of the purchase, the officer was not acting in
conjunction with either the State Police or the local authorities
of Novi or Wixom. Clark was charged with delivery of less than
fifty grams of cocaine. Defendant moved in Fifty-Second Dis-
trict Court to suppress from evidence the drugs purchased and
to dismiss the charge on the basis that the officer exceeded his
statutory authority when he made the purchase outside his
bailiwick while not acting in cooperation with state or local
authorities and that such statutory violation required applica-
tion of the exclusionary rule. The district court, Martin L.
Boyle, J., granted the motion and dismissed the charge. The
prosecution appealed to the Oakland Circuit Court. The circuit
court, Jessica R. Cooper, J., affirmed the district court's disposi-
tion. The prosecution appealed to the Court of Appeals by leave
granted.

The Court of Appeals *held:*

While the Livonia police officer lacked statutory authority to
make the narcotics purchase in this case, the fact that the
officer was not acting within the scope of his statutory author-
ity does not mandate the imposition of the exclusionary rule.
Accordingly, it was error mandating reversal to suppress the
narcotics as evidence and to dismiss the criminal charge.

Reversed and remanded.

CRIMINAL LAW — POLICE OFFICERS — AUTHORITY OUTSIDE BAILIWICK
    — EXCLUSIONARY RULE.

The actions of an undercover police officer who engages in an

REFERENCES

Am Jur 2d, Sheriffs, Police, and Constables § 57.

See the Index to Annotations under Drugs and Narcotics; Police
and Law Enforcement Officers.

illegal drug transaction outside his own bailiwick without the cooperation of local authorities or the State Police do not render any drugs obtained in that transaction inadmissible at the trial of the seller nor does it entitle the seller to dismissal of any charges relating to the sale (MCL 764.2a; MSA 28.861[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*John T. Rowland,* for defendant.

Before: Hood, P.J., and Cynar and Griffin, JJ.

Per Curiam. The prosecution appeals by leave granted the February 22, 1989, order of the circuit court affirming the order of the district court which suppressed the evidence of narcotics and dismissed the charge against defendant of delivery of less than fifty grams of a controlled substance. MCL 333.7401(1), (2)(a)(iv); MSA 14.15(7401)(1), (2)(a)(iv). The prosecution argues that exclusion of evidence is not appropriate where it is premised solely on a violation of MCL 764.2a; MSA 28.861(1), a statute which relates to the exercise of authority of a police officer acting outside his own bailiwick. We agree and reverse.

On the afternoon of August 3, 1984, undercover officer Pete Kunst of the Livonia Police Department telephoned defendant and arranged to meet her in a Novi restaurant parking lot to purchase an eighth ounce of cocaine. After meeting with defendant and paying her $300 for the cocaine, officer Kunst was instructed by defendant to follow her to a bar on Grand River where she would get the cocaine for him. They ultimately arrived at a bar in Wixom where defendant delivered to officer

Kunst a bag of what later proved to be cocaine. Because this drug purchase was part of an ongoing investigation, defendant was not arrested immediately, but was arrested at a later date with four other suspects and charged with delivery of cocaine.

At the preliminary examination, officer Kunst admitted that he was not working in conjunction with any other police department because he did not know where the cocaine delivery was to take place. He also testified that, because of the difficulty of knowing the location of potential drug purchases, the Livonia Police Department had no practice of notifying other police departments of such activity within their jurisdictions.

Concerning the proper basis for application of the exclusionary rule, this Court, in *People v Harajli,* 148 Mich App 189; 384 NW2d 126 (1986), lv den 426 Mich 867 (1986), quoting from *Nix v Williams,* 467 US 431, 442-443; 104 S Ct 2501; 81 L Ed 2d 377 (1984), stated:

> "The core rationale consistently advanced by this Court for extending the Exclusionary Rule to evidence that is the fruit of unlawful police conduct has been that this admittedly drastic and socially costly course is needed to deter police from violations of *constitutional and statutory protections.*" [Emphasis added.]

Previously, in *Birkenshaw v Detroit,* 110 Mich 500, 512; 313 NW2d 334 (1981), lv den 417 Mich 913 (1983), this Court found that extension of the exclusionary rule to police violations of court orders was unwarranted, noting that "statutory violations do not merit the imposition of the exclusionary rule." Further, the *Birkenshaw* Court stated that the best method of deterring police misconduct of that sort is by threat of civil and

criminal contempt citations. *Id.* at 513. See also *People v Livingston,* 64 Mich App 247, 255; 236 NW2d 63 (1975) (violation of MCL 750.539a *et seq.*; MSA 28.807[1] *et seq.*); *People v Burdo,* 56 Mich App 48, 52; 223 NW2d 358 (1974) (violation of MCL 764.15[a]; MSA 28.874[a]).

In this case, the only illegal police conduct involved is an apparent violation of MCL 764.2a; MSA 28.861(1), which provides:

> A peace officer of a county, city, village, or township of this state may exercise authority and powers outside his own county, city, village, or township, when he is enforcing the laws of this state in conjunction with the Michigan state police, or in conjunction with a peace officer of the county, city, village, or township in which he may be, the same as if he were in his own county, city, village, or township.

Defendant fails, however, to establish either that there was a violation of a constitutional right or that the above statute was intended or designed to protect the rights of criminal defendants.

In *People v Meyer,* 424 Mich 143; 379 NW2d 59 (1985), our Supreme Court held that a similar violation of the statute did not prevent the police officer from swearing to and filing the complaint against the defendant, nor did it prevent him from later providing evidence in the form of his own testimony against the defendant at the preliminary examination. The Court stated that it knew "of no constitutional, statutory, or other authority" which would disqualify the officer and entitle the defendant to dismissal of the charge as a possible remedy. *Id.* at 160. The Court also emphasized that it did not condone the police officer's conduct and that such conduct could warrant offi-

cial sanction and possibly give rise to civil or criminal liability. *Id.* at 161.

Furthermore, the Court noted:

> The defendant argues, quite correctly, that aside from the duty of law enforcement personnel to scrupulously adhere to statutes directly circumscribing enforcement actions, and the question of the officer's personal liability in failing to do so, there is the very practical risk that without adherence to the statute in cases .such as this, law enforcement efforts might overlap, resulting not only in wasted resources, but in possible tragic confrontations between different "undercover" forces acting upon the same investigation, each unaware of the presence of the other. [*Id.* at 161, n 20.]

In addition, Justice LEVIN stated in his concurring opinion:

> The nature and extent of undercover surveillance activity is a matter for decision primarily by the community in which such activity may take place. What might be thought to be an appropriate method of law enforcement in western or northern Michigan might not be thought to be appropriate in Ann Arbor, East Lansing, or Detroit. [*Id.* at 165.]

All of this leads to the conclusion that the purpose of MCL 764.2a; MSA 28.861(1) is not to protect the rights of criminal defendants, but rather to protect the rights and autonomy of local governments.

Thus, we conclude that no recognized basis exists in this case that would justify application of the exclusionary rule, and it was error for the district court to suppress the evidence and dismiss the charge against defendant. We also recognize that, although the Supreme Court in *Meyer, supra,*

was not presented with a suppression of the evidence issue, for us to hold otherwise in this case would be inconsistent with the reasoning and result reached in that decision.

We reverse the judgments of the district court and circuit court and remand to the district court for reinstatement of this action against defendant and further proceedings consistent with this opinion. We do not retain jurisdiction.