STATE of Wisconsin, Plaintiff-Respondent,

v.

Christy MIERITZ, Defendant-Appellant,

Wayne Patrick ROBINSON, Defendant.

Court of Appeals

*No. 94–1879–CR. Submitted on briefs March 1, 1995.—Decided April 18, 1995.*

(Also reported in 534 N.W.2d 632.)

571

For the defendant-appellant the cause was submitted on the briefs of *Ladd & Milaeger*, with *Andrew C. Ladd* of Waukesha.

For the plaintiff-respondent the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Thomas J. Balistreri*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

SCHUDSON, J.    Christy N. Mieritz appeals from the judgment of conviction, following her guilty plea, for delivery of cocaine, party to a crime. She argues that the trial court should have granted her motion to suppress evidence because the undercover officer who purchased cocaine from her was outside his jurisdiction

572

when he did so. We conclude that suppression of evidence is not a constitutionally required remedy when a law enforcement officer is outside his or her jurisdiction when obtaining evidence. Therefore, we affirm.

The facts are undisputed. On April 22, 1993, City of Waukesha Police Detective Edward Bergin and other officers of the Waukesha County Metropolitan Drug Enforcement Group were working undercover when Bergin purchased cocaine from Mieritz at a nightclub in the City of Milwaukee. The officers did not arrest Mieritz but notified the Milwaukee County District Attorney's Office of the purchase. That office subsequently issued the criminal complaint against Mieritz and summoned her to appear in court. Mieritz moved to suppress the evidence, arguing that Bergin's purchase in Milwaukee was outside his Waukesha jurisdiction. The trial court denied Mieritz's motion and she pled guilty.

The State concedes that Bergin and the other officers had no authority to act as law enforcement officers in Milwaukee and, therefore, that Bergen was acting outside his official capacity when he purchased the cocaine from Mieritz.[1] *See State v. Barrett*, 96 Wis.

---

[1] The State limits its concession to the specific facts of this case. The State clarifies that it "does not concede that police employed by one jurisdiction may never act both in their official capacity and with lawful authority in another jurisdiction without the knowledge, consent or cooperation of the authorities in the second jurisdiction," and further asserts that officers may "conduct a lawful investigation outside their territorial jurisdiction if the subject matter of the investigation originated in their own jurisdiction." Neither party contends, however, that this case presents any such circumstances and, accordingly, this decision does not reach the related issues that may arise from such facts.

2d 174, 291 N.W.2d 498 (1980) (discussing whether police officer was acting in his official capacity when engaged in police activity). The State argues that suppression of the evidence is not appropriate because the exclusionary rule applies only when evidence has been obtained in violation of a defendant's constitutional rights or in violation of a statute that expressly provides for suppression as a sanction, and, in this case, the undercover investigation and purchase of cocaine did not violate any of Mieritz's constitutional or statutory rights.

The State is correct. The exclusionary rule requires suppression of evidence "only when the police obtain[ ] the evidence in violation of the defendant's constitutional rights," or in violation of a statute that expressly requires suppression as a sanction. *State v. King*, 142 Wis. 2d 207, 213-214 & n.3, 418 N.W.2d 11, 13-14 & n.3 (Ct. App. 1987). Mieritz implicitly argues that Bergin's purchase somehow constituted a seizure of evidence in violation of her rights. She fails to explain, however, how her Fourth Amendment rights were implicated in her fully consensual drug transaction with an undercover officer she believed to be a cocaine customer. Under circumstances like these, an undercover officer's purchase of contraband from a willing seller is not a "seizure" of evidence under the Fourth Amendment. *Maryland v. Macon*, 472 U.S. 463, 469-470 (1985) (undercover police detectives did not seize evidence when they purchased obscene magazines from an adult bookstore); *see also Illinois v. Perkins*, 496 U.S. 292, 294 (1990) (Fifth Amendment rights are not implicated and no *Miranda* warnings are required "when the suspect is unaware that he is

speaking to a[n undercover] law enforcement officer and gives a voluntary statement").

Although this case does not involve any statute that expressly requires suppression as a sanction, Mieritz also argues that suppression is appropriate to deter law enforcement officers from acting outside their statutory jurisdiction. *See* § 59.24(1), STATS. (regarding the authority of sheriffs and their deputies), and § 62.09(13), STATS. (regarding the authority of police chiefs and their officers). As the State correctly responds, however, absent a constitutional violation of the *defendant's* rights, the criminal is not "to go free because the constable has blundered." *See Conrad v. State*, 63 Wis. 2d 616, 639, 218 N.W.2d 252, 264 (1974). In this case, any statutory transgression that may have occurred apparently violated Milwaukee's jurisdictional authority, not Mieritz's constitutional rights.

In this regard, the Michigan Court of Appeals offered sound guidance in *People v. Clark*, 450 N.W.2d 75 (Mich. Ct. App. 1989), a case similar to the instant one. In *Clark*, the government appealed from the order suppressing cocaine purchased by an undercover officer "outside his own bailiwick." As in the instant case, the officer in *Clark* had not notified the local authorities of his investigation in their jurisdiction. *Id.* at 76. As in the instant case, although the officer did not arrest the suspect, his actions violated a state statute limiting a law enforcement officer's authority to his or her own jurisdiction. With words equally applicable to the instant case, the Michigan court concluded that suppression of the evidence was inappropriate:

> Defendant fails . . . to establish either that there was a violation of a constitutional right or

that the . . . statute was intended or designed to protect the rights of criminal defendants.

[The Michigan] Supreme Court held that a similar violation of the statute did not prevent the police officer from swearing to and filing the complaint against the defendant, nor did it prevent him from later providing evidence in the form of his own testimony against the defendant at the preliminary examination. The Court stated that it knew "of no constitutional, statutory, or other authority" which would disqualify the officer and entitle the defendant to dismissal of the charge as a possible remedy. The Court also emphasized that it did not condone the police officer's conduct and that such conduct could warrant official sanction and possibly give rise to civil or criminal liability.

Furthermore, the [Michigan Supreme] Court noted:

> The defendant argues, quite correctly, that aside from the duty of law enforcement personnel to scrupulously adhere to statutes directly circumscribing enforcement actions, and the question of the officer's personal liability in failing to do so, there is the very practical risk that without adherence to the statute in cases such as this, law enforcement efforts might overlap, resulting not only in wasted resources, but in possible tragic confrontations between different "undercover" forces acting upon the same investigation, each unaware of the presence of the other.
>
> . . . .

All of this leads to the conclusion that the purpose of [the statute] is not to protect the rights of

criminal defendants, but rather to protect the rights and autonomy of local governments.

Thus, we conclude that no recognized basis exists in this case that would justify application of the exclusionary rule.

*Id.* at 76-77 (citations omitted).

In this case Bergin's cocaine purchase outside his jurisdiction violated none of Mieritz's constitutional rights. Therefore, suppression of the evidence would have been improper and, accordingly, we affirm.

*By the Court.*—Judgment affirmed.