PEOPLE v McCRADY

Docket No. 169440. Submitted March 15, 1995, at Lansing. Decided
September 19, 1995, at 9:00 A.M. Leave to appeal sought.

William F. McCrady was convicted by a jury in the Genesee
Circuit Court, Donald R. Freeman, J., of possession of cocaine
on school property, carrying a concealed weapon, and posses-
sion of a firearm during the commission of a felony. He then
pleaded guilty of being a second-offense habitual offender. He
was sentenced to 2 years in prison for the felony-firearm
conviction. He was also sentenced to concurrent terms of im-
prisonment of 7 to 12 years for the conviction of possession of
cocaine and 4 to 7½ years for the conviction of carrying a
concealed weapon, to be served consecutively to the sentence
for the felony-firearm conviction. The defendant appealed.

The Court of Appeals *held:*

1. The defendant was competent to stand trial. The fact that
the defendant decided to go to trial and rejected a potentially
good plea offer does not alone show a lack of competence.

2. The defendant received effective assistance of counsel.
Defense counsel's performance did not fall below an objective
standard of reasonableness. Defense counsel did not err in
failing to raise a claim that the police officers arrested the
defendant while they were outside their jurisdiction. Because a
finding that there was a jurisdictional violation would not have
resulted in the exclusion of the evidence, the defendant was not
prejudiced by his counsel's failure to raise the issue.

3. The trial court did not err in denying the defendant's
request to retain another attorney.

4. The trial court properly denied the defendant's motion to
suppress the evidence. The investigatory stop of the defendant
by the police and their pat-down search of his outer clothing,

REFERENCES

Am Jur 2d, Criminal Law § 96; Drugs, Narcotics, and Poisons
§ 27.17; Searches and Seizures §§ 50, 51, 63; Weapons and Fire-
arms §§ 7.5, 22.

See ALR Index under Drugs and Narcotics; Exclusion and Suppres-
sion of Evidence; Incompetent and Insane Persons; Search and
Seizure; Weapons and Firearms.

whereby they discovered the pistol, were based on a reasonable suspicion of criminal activity and fear for the safety of the officers and others and, therefore, were proper. After discovering the pistol, the police had probable cause to arrest the defendant. Therefore, the search that was then conducted, which resulted in the discovery of the cocaine, was proper.

5. The sentences were proportionate. The trial court did not abuse its discretion in determining the sentences. However, the sentence for the conviction of carrying a concealed weapon was improperly made consecutive to the sentence for the felony-firearm conviction. That part of the sentencing order must be remanded for resentencing.

6. The evidence was sufficient to establish that the defendant possessed cocaine on school property. The parking lot of the school where the defendant was apprehended was property used for school purposes to which MCL 333.7410(4); MSA 14.15(7410)(4) applies. The elements of the crime do not require that the defendant knew that he was on school property when he possessed the cocaine.

Convictions affirmed, sentences affirmed in part and remanded in part for resentencing.

1. CRIMINAL LAW — COMPETENCE OF DEFENDANT — REFUSAL OF PLEA OFFER.

The fact that a defendant exercises the right to a trial and rejects a potentially good plea offer does not alone show that the defendant is not competent to stand trial.

2. STATUTES — POLICE OFFICERS — EXERCISE OF AUTHORITY OUTSIDE JURISDICTION.

The purpose of MCL 764.2a; MSA 28.861(1) is to protect the rights and autonomy of local governments, not the rights of criminal defendants; a violation of the statute does not justify application of the exclusionary rule with regard to evidence obtained during a search conducted outside a police officer's jurisdiction.

3. SEARCHES AND SEIZURES — INVESTIGATORY STOPS.

An investigatory stop must be founded on a particularized suspicion, based on an objective observation of the totality of the circumstances, that the person stopped has been, is, or is about to be involved in criminal wrongdoing; a pat-down search of the person is permissible where there is a reasonable suspicion of criminal activity and reasonable fear for the safety of the police and others.

4. SEARCHES AND SEIZURES — INVESTIGATORY STOPS — ARREST.

A defendant's right to be free from unreasonable searches and seizures is not violated where, after the police find a concealed pistol while performing a valid investigatory stop and pat-down search of the defendant, the defendant is arrested and a subsequent search of the defendant reveals evidence of the commission of another crime (US Const, Am IV).

5. CONTROLLED SUBSTANCES — POSSESSION ON SCHOOL PROPERTY — PARKING LOTS.

A school parking lot is property used for school purposes to impart instruction to children for purposes of application of the statute prohibiting the possession of certain controlled substances on school property (MCL 333.7410[4]; MSA 14.15[7410] [4]).

6. CONTROLLED SUBSTANCES — POSSESSION ON SCHOOL PROPERTY — KNOWLEDGE.

The statute establishing the offense of possession of certain controlled substances on school property does not require as an element of the crime that the defendant be aware of being on school property while possessing the cocaine (MCL 333.7410[4]; MSA 14.15[7410][4]).

7. SENTENCES — CONSECUTIVE SENTENCES — CARRYING CONCEALED WEAPON — FELONY-FIREARM.

There is no statutory mandate that a sentence for a conviction of carrying a concealed weapon run consecutively to a sentence for a conviction of possession of a firearm during the commission of a felony (MCL 750.227, 750.227b; MSA 28.424, 28.424[2]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Arthur A. Busch,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Appeals, Research, and Training, and *Timothy Cassady,* Assistant Prosecuting Attorney, for the people.

*Michael J. Modelski,* for the defendant on appeal.

Before: GRIBBS, P.J., and HOLBROOK, JR., and MARKMAN, JJ.

MARKMAN, J. Defendant appeals his convictions

of possession of cocaine on school property, MCL 333.7410(4); MSA 14.15(7410)(4) and MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v), carrying a concealed weapon (ccw), MCL 750.227; MSA 28.424, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). We affirm defendant's convictions. His sentences are affirmed in part and remanded in part for resentencing in accordance with this opinion.

On March 5, 1992, Officer Thomas Hudson responded to a radio call regarding an unarmed robbery of the Ivanhoe Market. The perpetrator was described as a black male in his twenties wearing a black knit hat and a grey three-quarter-length coat. Officer Hudson drove to the area where he was told the perpetrator was last seen. The officer was waved down by a woman, who yelled: "the person you're looking for is by the apartments." As the officer proceeded into the nearby apartment complex, he saw defendant, a black male, wearing what appeared to be a light-colored three-quarter-length coat. Defendant was at the end of the apartment complex walking toward Manley Elementary School. The officer continued toward the defendant and further observed that he had a black baseball-style cap. Officer Hudson radioed for backup and confirmed that a baseball cap could fit the description of the hat worn by the perpetrator.

After Officer Moffit arrived as backup, Officer Hudson stopped defendant in the north parking lot of Manley Elementary School. Officer Moffit conducted a cursory search of defendant and found a gun on him. He then handcuffed defendant and continued to search him. The officer found a small plastic container of cocaine in defendant's pants pocket. Defendant was then transported to the

scene of the unarmed robbery where the store clerk stated that defendant was not the perpetrator.

At trial, the prosecutor offered defendant a plea bargain. The prosecutor offered to amend count I (possession of cocaine on school property) to possession of less than twenty-five grams of cocaine and dismiss the felony-firearm charge as well as an habitual offender charge if the defendant pleaded guilty of possession of less than twenty-five grams of cocaine and the CCW offense. Defendant turned down the offer and opted to go to trial. Following defendant's convictions of the charges of possession of cocaine on school property, CCW, and felony-firearm, he pleaded guilty of being a second-offense habitual felony offender. MCL 769.10; MSA 28.1082. Defendant was sentenced to 2 years in prison for the felony-firearm conviction. He was also sentenced to concurrent prison terms of 7 to 12 years for the conviction of possession of cocaine on school property and 4 to 7½ years for the CCW conviction, to be served consecutively to the sentence for the felony-firearm conviction.

Defendant argues that he was denied effective assistance of counsel. More particularly, defendant claims that trial counsel failed to explain properly to defendant all the ramifications surrounding his case and the prosecutor's plea bargain. Defendant claims that counsel should have at least requested a competency examination of defendant. Defendant further contends that trial counsel failed to raise, in the context of a motion to suppress evidence, his contention that the police were outside their jurisdiction when they arrested defendant.

Defendant failed to move for a *Ginther*[1] hearing or a new trial based on ineffective assistance of

---

[1] *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

counsel. Therefore, this Court's review is limited to mistakes apparent on the record. *People v Hurst,* 205 Mich App 634, 641; 517 NW2d 858 (1994).[2] To establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial. *People v Pickens,* 446 Mich 298; 521 NW2d 797 (1994).

We find that defendant was sufficiently informed of his options as well as the implications of those options, including sentencing. In fact, defendant was informed on the record of the possible sentences under both options. Furthermore, at the hearing in which the plea offer was addressed, the trial court questioned both defendant and defense counsel to ensure defendant's understanding. The trial court asked defendant if he had discussed with his attorney the prosecutor's offer. Defendant responded that he had spoken with his trial counsel and that he wanted to go to trial. In response to several questions from the trial court, defendant further stated that he had attended his preliminary examination and knew what the testimony against him would be and what the prosecutor would argue if defendant went to trial. Despite the trial court's statement that most cases such as this result in plea bargains, the defendant nevertheless stated that he did not want the prosecutor's offer and, instead, wanted to go to trial. The trial court then asked defendant's counsel if he had discussed with defendant all the implications of the offer and going to trial. Defense counsel assured the

[2] Defendant requests that if this Court finds the record unclear, we remand for an evidentiary hearing pursuant to *Ginther, supra.* We find it unnecessary to remand and otherwise deny defendant's request.

court that he had so advised defendant, but that defendant still wanted to go to trial. We find nothing in the record to show that trial counsel failed to explain properly to defendant all the possible consequences of either accepting the offer or going to trial.

Following the trial court's denial of defendant's motion to suppress evidence and defendant's further demand for a jury trial, defense counsel did state that he felt defendant did not understand what was happening at trial. The trial court ruled that, considering defendant's education, job, and his answers throughout the trial, defendant did understand his situation and did have a competent lawyer. On the basis of a review of the record, we believe defendant was competent to stand trial. Defendant stated several times his desire to go to trial and it appears from the record that he understood the nature of his crimes and what the testimony would be at trial. The fact that defendant decided to exercise his constitutional right to go to trial while rejecting a potentially good plea offer does not alone show a lack of competence. Thus, there was no evidence on the record to show that trial counsel's performance fell below an objective standard of reasonableness.

Defendant's second contention is that he was deprived of the effective assistance of counsel because his trial counsel failed to raise the fact that the police officers were outside their jurisdiction when they arrested defendant. MCL 764.2a; MSA 28.861(1). Defendant argues that this jurisdictional violation would have allowed his trial counsel to move to suppress any evidence found during their search of defendant. This Court has held, however, that "the purpose of MCL 764.2a; MSA 28.861(1) is not to protect the rights of criminal defendants, but rather to protect the rights and autonomy of

local governments." *People v Clark,* 181 Mich App
577, 581; 450 NW2d 75 (1989). This Court con-
cluded that a violation of the statute would not
justify application of the exclusionary rule. *Id.*
Thus, defense counsel did not err in failing to raise
any jurisdictional violation. Furthermore, defen-
dant has failed to establish that counsel's failure
to raise this issue resulted in prejudice, because a
finding that there was a jurisdictional violation
would not have resulted in the exclusion of the
evidence.

Defendant next argues that the trial court erred
in denying him a continuance when it was clear
that defendant did not understand the conse-
quences of going to trial as opposed to accepting
the prosecutor's plea bargain. We disagree. This
Court reviews a denial of a continuance for an
abuse of discretion. *People v Lawton,* 196 Mich
App 341, 348; 492 NW2d 810 (1992). However,
defendant did not make a motion for or request a
continuance at trial. Thus, the trial court did not
err. *City of Troy v McMaster,* 154 Mich App 564,
570; 398 NW2d 469 (1986). Defendant did state his
dissatisfaction with his trial counsel and requested
permission to retain another attorney.[3] However,
the trial court found defendant's reasons for dis-
satisfaction insufficient to warrant the granting of
the request and noted that the request was being
made on the eve of trial. We find no error by the
trial court in its response to defendant's eve-of-
trial request. The court correctly found that defen-

[3] Defendant initially appeared to suggest that he wanted a new
lawyer at public expense. After listening to defendant's reasons for
his dissatisfaction, the court found that defense counsel was compe-
tent and would provide fair and reasonable representation. Defendant
subsequently requested to be able to retain his own lawyer at his own
expense. The court noted, however, that the defendant had previously
told the court that he was indigent. Defendant responded that he
could probably get the money from his mother or someone else. The
court nevertheless proceeded with the trial.

dant's trial counsel was competent and providing good representation. Furthermore, the record is replete with evidence of defendant's competence and defense counsel's repeated explanation of the situation to defendant.

Defendant further argues that the trial court erred in denying his motion to suppress all the evidence as the fruit of an illegal stop, search, and arrest. We disagree. We do not believe that the trial court erred in denying defendant's motion to suppress.

An investigatory stop "must be founded on a particularized suspicion, based on an objective observation of the totality of the circumstances, that the person stopped has been, is, or is about to be involved in criminal wrongdoing." *People v Chambers,* 195 Mich App 118, 121-122; 489 NW2d 168 (1992). On the basis of a reasonable suspicion of criminal activity and reasonable fear for the safety of himself and others, a police officer may pat down an individual for the limited purpose of discovering weapons. *People v Muro,* 197 Mich App 745, 747; 496 NW2d 401 (1993).

Officer Hudson's "investigatory stop" was founded on a particularized suspicion that defendant had been involved in the unarmed robbery of the Ivanhoe Market, just five to ten minutes earlier. While searching for the suspect, Officer Hudson had been flagged down by a woman who directed him toward "the man he was looking for." He then proceeded in that direction, finding defendant, who was within approximately one-half mile of the market and who appeared to fit the subject's description. Officers Hudson and Moffit had a reasonable suspicion of criminal activity and a reasonable fear for their safety. Although the robbery involved was an unarmed robbery, this did not necessarily mean that the suspect was unarmed.

Officer Moffit conducted a pat-down search of defendant's outer clothing and found the gun in defendant's coat. A reasonably prudent person in Officer Hudson's and Officer Moffit's particular circumstances would be warranted in the belief that their safety was in danger.

After recovering the gun from defendant's coat, Officer Moffit had probable cause to arrest defendant. Because the officer had probable cause to arrest defendant, the subsequent search was proper. *People v Arterberry,* 431 Mich 381; 429 NW2d 574 (1988). Thus, the defendant's Fourth Amendment right to be free from unreasonable searches and seizures was not violated.

Defendant also argues that his sentences were disproportionate. This Court reviews a sentencing court's decision under an abuse of discretion standard. *People v Odendahl,* 200 Mich App 539, 540-541; 505 NW2d 16 (1993). A sentencing court abuses its discretion when it violates the principle of proportionality. *People v Milbourn,* 435 Mich 630, 634-636, 654; 461 NW2d 1 (1990). A sentence must be proportionate to the seriousness of the crime and the defendant's prior record. *Id.* at 635-636. Although the sentencing guidelines do not apply to an habitual offender sentence, the principle of proportionality is still applied to the review of the defendant's sentence. *People v Derbeck,* 202 Mich App 443, 446; 509 NW2d 534 (1993).

In sentencing defendant, the trial court took into consideration defendant's education, long criminal record, sixty-one prior major misconducts in prison with some involving assault and battery on prison staff, and the fact that defendant had three children but paid no child support to any of them. The trial court found these things to be particularly telling of defendant's character and responsibility. In addition, the trial court consid-

ered the seriousness of the conviction of possession of cocaine on school grounds. The trial court noted the danger of drugs in our society and that in this case defendant was found with "six rocks of cocaine" as well as a loaded .38 caliber gun at three o'clock in the afternoon on a school day and on school property. The trial court did not abuse its discretion in determining defendant's sentences. The sentences were proportionate to the crime and the defendant's prior record.

Defendant further argues that there was insufficient evidence to establish that he possessed cocaine on "school property." We disagree. To determine whether sufficient evidence has been presented, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Wolfe,* 440 Mich 508, 515-516; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992).

MCL 333.7410(6); MSA 14.15(7410)(6) defines school property as follows:

> As used in this section, "school property" means a building, playing field, or property used for school purposes to impart instruction to children in grades kindergarten through 12, when provided by a public, private, denominational, or parochial school, except those buildings used primarily for adult education or college extension courses.

Officer Hudson testified that when he spotted defendant while looking for the Ivanhoe Market robbery suspect, defendant was heading toward the school. Officer Hudson explained that when he finally stopped defendant, defendant was in the school parking lot, approximately seventy feet from the front doors of Manley Elementary School.

Officer Hudson further stated that he apprehended defendant on school property.

Contrary to defendant's assertion, the school parking lot is "property used for school purposes to impart instruction to children" because it is routinely and necessarily used by teachers, administrators, parents, and bus drivers in the course of securing the education of the children. Children will also be found in the parking lot before and after school. The statutory language itself, "property used for school purposes to impart instruction to children," directly follows "building" and "playing field" thus evidencing an intent to include areas adjacent to and a part of the school but outside the four corners of the classroom, where instruction is typically held. It would be inconsistent with the efforts of the Legislature in attempting to protect children from drugs under MCL 333.7410(4); MSA 14.15(7410)(4) to allow an individual to possess or sell drugs in a school parking lot, a place that conceivably is more conducive to drug activity than the confines of the school building itself where the presence of teachers and other school authority is more likely. Furthermore, as children get older and become more susceptible to drug activity, they are also increasingly likely to be found on or near parking lots as well as on, for example, a playing field.

The statute further does not require as an element of the offense that defendant knew that he was on school property. Nor is any other state of mind set forth. Such omission by the Legislature is certainly understandable in light of the statute's principal objective of protecting children. Cf., for example, *United States v Dimas,* 3 F3d 1015 (CA 7, 1993) (under 21 USC 860[a]), a federal statute enhancing the penalty for anyone convicted of distributing, possessing with intent to distribute,

or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a school, it is not necessary to prove the defendant's knowledge of being within one thousand feet of the school property); *United States v Cross,* 900 F2d 66, 69 (CA 6, 1990). Where drug sales are taking place on school property, the harm against which the statute seeks to protect is threatened without regard to the specific knowledge of the offending dealer that he is on such protected property. We find there was sufficient evidence to support a rational trier of fact in finding defendant guilty beyond a reasonable doubt of possession of cocaine on school property.

Defendant further argues that his sentence for the ccw conviction was improperly made consecutive to the sentence for the felony-firearm conviction. We agree. Because there is no statute mandating that a sentence for a ccw conviction run consecutively to a sentence for a felony-firearm conviction, the sentence should run concurrently. *People v Bonham,* 182 Mich App 130, 137; 451 NW2d 530 (1989). Therefore, we remand to the trial court for resentencing in conformity with Michigan law.

Convictions affirmed, sentences affirmed in part and remanded in part for resentencing in accordance with this opinion. We do not retain jurisdiction.