**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JANUARY 23, 2002**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v

No. 118615

DONALD ANDREW HAMILTON,

    Defendant-Appellee.

_____

PER CURIAM

The circuit court dismissed a drunk driving charge against the defendant because the arrest was made by a police officer acting outside his jurisdiction. The Court of Appeals affirmed. We conclude that the fact that the arrest was made by an officer outside his jurisdiction does not require exclusion of the evidence obtained as a result of the arrest or dismissal of the charge. We reverse and remand to the circuit court for further proceedings.

I

During the early morning hours of November 21, 1999, city of Howell Police Officer Darren Lockhart observed the defendant driving on M-59 in Howell Township.[1] The officer observed that the vehicle did not have operating taillights and left the pavement and briefly touched the shoulder of the roadway. He stopped the vehicle on suspicion that the driver was operating under the influence of liquor and because the vehicle was being driven without operating taillights. The officer performed sobriety tests and arrested the defendant for OUIL. It was later determined that the defendant had two prior OUIL convictions and that his license had been suspended. This led to his being charged with felony OUIL, third offense, MCL 257.625(10)(c), and operating a vehicle on a suspended license, MCL 257.904(3).

The defendant moved to dismiss the charges, claiming that the arrest by the officer outside his jurisdiction was illegal. The district judge disagreed and bound the defendant over to the circuit court. However, the circuit court granted the defendant's motion to quash and dismissed the case.

---

[1] In the district court, the parties stipulated to the essential facts.

The prosecutor appealed, and the Court of Appeals affirmed.[2] The Court noted that the prosecutor conceded the officer was not acting in conjunction with the other law enforcement agencies and was not in hot pursuit of the defendant at the time of the stop. It rejected the prosecutor's arguments that the arrest could be justified under MCL 762.3(3)(a),[3] which relates only to venue and not to the authority of officers to act outside their jurisdictions. The Court also rejected the suggestion that the arrest could be justified on a theory that officers acting outside their jurisdictions have the same authority as private citizens to make arrests for felonies committed in their presence or with probable cause. MCL 764.16. In this case, the Court said that principle was not applicable because the officer did not have probable cause to believe that the defendant had committed a felony. It then turned to the question whether suppression of evidence and dismissal was appropriate as a remedy for the statutory violation. It concluded that suppression of the evidence and dismissal was required.

---

[2] Unpublished opinion per curiam, issued January 26, 2001 (Docket No. 225712).

[3]

> If an offense is committed on the boundary of 2 or more counties, districts or political subdivisions or within 1 mile thereof, venue is proper in any of the counties, districts or political subdivisions concerned.

II

Ordinarily, this Court reviews a trial court's ruling regarding a motion to suppress for clear error. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983).[4] However, the ruling in the present case turns not on factual determinations, but on a question of law, which we review de novo. *People v Sierb,* 456 Mich 519, 522; 581 NW2d 219 (1998); *People v Denio,* 454 Mich 691, 698; 564 NW2d 13 (1997). As is explained later, the question before us is one of statutory interpretation—whether the Legislature intended that a violation of MCL 764.2a should result in exclusion of evidence obtained as a result of the arrest. *People v Sobczak-Obetts*, 463 Mich 687, 694; 625 NW2d 764 (2001). Such questions of statutory interpretation are also reviewed de novo. *People v Stevens (After Remand)*, 460 Mich 626, 631; 597 NW2d 53 (1999).

III

It is undisputed that, at the time of the stop and arrest, Officer Lockhart was acting outside his jurisdiction. MCL 764.2a,[5] captioned authority of peace officers outside

---

[4] In this case, the question of suppression of evidence and dismissal of the charge are closely intertwined, as the critical evidence supporting the OUIL charge was obtained as a result of the arrest.

[5]

A peace officer of a county, city, village, or township of this state may exercise authority and

(continued...)

their own bailiwicks, provides that police officers may exercise their authority in jurisdictions other than their own if they are working in conjunction with authorities of that other jurisdiction. In this case, the officer was not acting in conjunction with law enforcement officers having jurisdiction in Howell Township, and thus his actions were not within MCL 764.2a. It is also undisputed that the officer did not have a warrant to arrest the defendant or to search his personal property, and that the officer was not in "hot pursuit" of the defendant within the meaning of MCL 117.34.[6]

The officer was acting outside his jurisdiction, without a warrant, not in hot pursuit, and not in conjunction with law enforcement officers having jurisdiction. Thus, as the Court of Appeals recognized, he had no greater authority than a private person. "As a general rule, peace officers who make

---

[5] (...continued)
powers outside his own county, city, village, or township, when he is enforcing the laws of this state in conjunction with the Michigan state police, or in conjunction with a peace officer of the county, city, village, or township in which he may be, the same as if he were in his own county, city, village, or township.

[6]

When any person has committed or is suspected of having committed any crime or misdemeanor within a city, or has escaped from any city prison, the police officers of the city shall have the same right to pursue, arrest and detain such person without the city limits as the sheriff of the county.

5

a warrantless arrest outside their territorial jurisdiction are treated as private persons, and, as such, have all the powers of arrest possessed by such private persons." *People v Meyer*, 424 Mich 143, 154; 379 NW2d 59 (1985). Under MCL 764.16,[7] a private person has the authority to make a felony arrest, but lacks the authority to make a misdemeanor arrest except in nonapplicable circumstances. "'No one without a warrant has any right to make an arrest in the absence of actual belief, based on actual facts creating probable cause of guilt.'" *People v Panknin*, 4 Mich App 19, 27; 143 NW2d 806 (1966), quoting *People v Bressler,* 223 Mich 597, 600-601; 194 NW 559 (1923), paraphrasing *People v Burt*, 51 Mich 199, 202; 16 NW 378 (1883). Here, the officer only had probable cause to make an arrest for a misdemeanor, i.e., OUIL. The fact that defendant may have committed a felony, i.e., OUIL, third offense, was only discovered after the arrest.[8] Accordingly,

---

[7] MCL 764.16 provides in relevant part:

A private person may make an arrest in the following situations:

(a) For a felony committed in the private person's presence.

(b) If the person to be arrested has committed a felony although not in the private person's presence.

[8] As the Court of Appeals explained:

The prosecutor admits that the traffic stop
(continued...)

6

the officer lacked the statutory authority to make the arrest under MCL 764.16.

The Court of Appeals concluded that because the arrest was illegal, it warranted exclusion of evidence as the remedy.[9] We disagree. That the officer acted without

[8] (...continued)
was made because the vehicle had no taillights and appeared to be weaving. Viewing a car with no taillights gave Lockhart probable cause to believe that a civil infraction had occurred in his presence. Furthermore, even if the weaving of the vehicle gave Lockhart probable cause to believe that defendant was intoxicated, Lockhart still had no authority to arrest defendant under MCL 764.16; MSA 28.875 because he was not aware that a felony had occurred in his presence. A person guilty of operating a motor vehicle while intoxicated is generally guilty of a misdemeanor. MCL 257.625(8)(a); MSA 9.2325(8)(a). As previously noted, if defendant had been convicted of operating a motor vehicle while intoxicated, he would have been guilty of a felony pursuant to MCL 257.625(10)(c); MSA 9.2325(10)(c), because it would have been his third conviction within ten years. However, the lower court record indicates that officer Lockhart was unaware of defendant's previous convictions at the time he stopped and arrested defendant. Therefore, at most, Lockhart had probable cause to believe that a misdemeanor had been committed in his presence. [Slip op at 3-4.]

[9] The Court of Appeals concluded:

We find that the information was properly quashed because the exclusionary rule of evidence is applicable in this case. In *Meyer* and *Clark* [*People v Clark*, 181 Mich App 577; 450 NW2d 75 (1989)], the police officers' violations were statutory, not constitutional, because probable cause existed to arrest the defendants for committing felonies. *Meyer*, *supra* at 160; *Clark*,

(continued...)

7

statutory authority does not necessarily render the arrest unconstitutional. The Fourth Amendment exclusionary rule only applies to constitutionally invalid arrests, not merely statutorily illegal arrests. *People v Lyon*, 227 Mich App 599, 611; 577 NW2d 124 (1998). "The constitutional validity of an arrest depends on whether probable cause to arrest existed at the moment the arrest was made by the officer." *Id*. Here, the officer *did* have probable cause to arrest the defendant. The stop of the vehicle was justified because of the apparent equipment defect and the defendant's erratic driving, giving rise to the suspicion that he was operating the vehicle while

---

[9] (...continued)
*supra* at 580. Similarly, in [*People v Davis*, 133 Mich App 707; 350 NW2d 796 (1984)], this Court found that although the police officers may have acted in violation of MCL 764.2a; MSA 28.861(1) in surveilling and arresting the defendant outside their jurisdiction, the exclusionary rule was inapplicable because probable cause existed to arrest the defendant for the commission of a felony. *Davis*, *supra* at 714-715. This Court has stated that "[t]he per se exclusionary rule arose out of and applies to constitutionally invalid arrests. The constitutional validity of an arrest depends on whether probable cause to arrest existed at the moment the arrest was made by the officer." *People* v *Lyon*, 227 Mich App 599, 611; 577 NW2d 124 (1998). Because probable cause did not exist to arrest defendant for the commission of a felony, his arrest by Officer Lockhart was constitutionally invalid. Thus, the exclusionary rule applied to the evidence against defendant, and the district court abused its discretion by binding defendant over to the circuit court. Accordingly, the circuit court properly quashed the information. [Slip op at 4.]

8

intoxicated. After the stop, the sobriety tests administered by the officer provided probable cause to arrest the defendant for OUIL.

The key premise of the Court of Appeals decision is that this was an unconstitutional arrest because of the lack of probable cause to arrest for a *felony*. However, probable cause to arrest for a *felony* is not required; rather, probable cause that a crime (felony or misdemeanor) has been committed is the constitutional requirement for an arrest. Accordingly, that the officer did not have probable cause to arrest defendant for OUIL, third offense (a felony), does not render the arrest unconstitutional. Instead, that the officer did have probable cause to arrest defendant for OUIL (a misdemeanor) means the arrest did not violate the Fourth Amendment protection against unreasonable seizures. Because the arrest did not violate the Fourth Amendment, the exclusionary rule does not apply here.[10]

A number of decisions establish that statutory violations do not render police actions unconstitutional. For example,

---

[10] That the arrest here did not violate the Fourth amendment is further evidenced by the fact that if the Legislature had provided that a municipal police officer like Lockhart could exercise police powers in other jurisdictions within the state, such an exercise of legislative authority would have been valid and there could have been no constitutional objection to this arrest. Thus, the only violation here is the statutory one based on Lockhart's noncompliance with MCL 764.2a.

9

in *People v Meyer*, *supra*, an undercover officer participated in a narcotics transaction outside his jurisdiction. Defendant sought to have the resulting charges dismissed. However, as we said:

> The defendant makes no claim that Officer Carpenter's actions in this case resulted in any constitutional deprivation to the defendant, and we perceive none. [*Id*. at 156].[11]

Similarly, in *People v Burdo*, 56 Mich App 48, 52; 223 NW2d 358 (1974), in the context of an arrest for a misdemeanor not committed in the officer's presence, arguably in violation of MCL 764.14, the Court of Appeals explained:

> Where, as here, the officer had probable cause to believe that the crime had been committed, and therefore had the constitutionally required basis to search and seize, there would appear to be no need to suppress such evidence, even though the arrest was statutorily illegal.

It is clear from previous decisions of this Court that a statutory violation like the one in this case does not necessarily require application of an exclusionary rule. The question in such cases is whether the Legislature intended to apply the drastic remedy of exclusion of evidence. In several recent decisions we have found such intent lacking. See *People v Sobczak-Obetts*, *supra* (failure to comply with the statutory requirement that an affidavit in support of a search

---

[11] See also *People v Sobczak-Obetts*, *supra* at 707, contrasting the constitutional violation of a defective search warrant with violations of statutory procedures for executing valid warrants.

10

warrant be left with the defendant at the time of execution of the warrant, MCL 780.654, 780.655); *People v Stevens, supra* (failure to comply with the "knock and announce" statute, MCL 780.656, in executing a search warrant).

As in *Sobczak-Obetts* and *Stevens*, we find no indication in the language of MCL 764.2a that the Legislature intended to impose the drastic sanction of suppression of evidence when an officer acts outside the officer's jurisdiction. Rather, we believe that the language supports the analysis of several Court of Appeals decisions that the statute was intended, not to create a new right of criminal defendants to exclusion of evidence, but rather to "protect the rights and autonomy of local governments" in the area of law enforcement. See *People v Clark*, 181 Mich App 577, 581; 450 NW2d 75 (1989); *People v McCrady*, 213 Mich App 474, 480-481; 540 NW2d 718 (1995).[12]

IV

Because MCL 764.2a does not require exclusion of evidence obtained as a result of police conduct that is not in accordance with the statute, the circuit court erred in suppressing the evidence and dismissing the charges against

---

[12] Clearly, Officer Lockhart acted here without statutory authority. It is not to condone such activity to conclude that its sanction does not lie with the suppression of evidence. We do not address whether there are any other administrative, civil, or criminal remedies available for failure to comply with MCL 764.2a.

11

the defendant.  Accordingly, we reverse the judgment of the Court of Appeals and remand the case to the Livingston Circuit Court for further proceedings.

CORRIGAN, C.J., and WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.


CAVANAGH and KELLY, JJ., would grant leave to appeal, but would not dispose of this case peremptorily.