# Order

Michigan Supreme Court
Lansing, Michigan

October 14, 2005

128357 & (21)(22)

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

RAYMOND ISAIAH KONKUS,
      Defendant-Appellant.

SC: 128357
COA: 260205
Oakland CC: 04-008083-AR

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

_____/

On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal the February 17, 2005 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The motion for stay of proceedings is DENIED.

KELLY, J., dissents and states as follows:

I would grant leave to appeal to consider the jurisprudentially significant issue raised here.

Defendant was arrested by a Farmington Hills police officer in another municipality. Generally, an officer acting outside his or her jurisdiction has only the authority of a private person. *People v Hamilton*, 465 Mich 526 (2002). The Legislature provided exceptions to this rule in MCL 764.2a(1), but none applies to this case.

For instance, the Farmington Hills officer was not chasing defendant when they left the officer's jurisdiction. The officer, who was following defendant, did not stop him until defendant committed a traffic infraction outside the officer's jurisdiction. Nor was the officer acting in conjunction with an officer from the other jurisdiction. Although one happened by during the stop, the Farmington Hills officer acted completely on his own.

Because the arrest was not authorized under MCL 764.2a(1), I believe that a significant question arises whether the evidence that the officer seized should have been suppressed. An average citizen does not have the authority to make an investigatory stop. If the officer could act only as a private citizen, he had no right to collect evidence.

I would grant leave for a full discussion of this issue.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 14, 2005

Clerk

t1010