# Order

Michigan Supreme Court
Lansing, Michigan

July 30, 2021

161906

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

ANTHONY LEMAR NEWMAN,
          Defendant-Appellant.

SC:  161906
COA:  348846
Wayne CC:  19-000526-FH

_____/

On order of the Court, the application for leave to appeal the July 2, 2020 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CAVANAGH, J. (*concurring*).

This appeal arises from the Detroit Police Department's surveillance and search of a suspected drug house in Inkster. After receiving a tip from a confidential informant, a team of Detroit officers surveilled defendant's residence in Inkster for two hours, observing activity believed to be consistent with drug trafficking. Based on their observations, the confidential informant's tip, and defendant's prior narcotics arrest, a Detroit police officer obtained a search warrant from a Wayne Circuit judge acting in place of a magistrate. A team of officers from the Detroit Police Department then returned to defendant's residence in Inkster to execute the search warrant. Inside the home, the officers recovered narcotics and firearms. Defendant was arrested and charged with possession with intent to deliver 50 grams or more but less than 450 grams of cocaine, MCL 333.7401(2)(a)(*iii*), possession with intent to deliver less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*), two counts of felon in possession of a firearm, MCL 750.224f, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. After he was bound over to circuit court, defendant filed a motion to quash the information, arguing that (1) there was a lack of probable cause to support the search warrant; and (2) that the police officers employed by the city of Detroit were acting outside of their jurisdiction when they conducted surveillance and executed a search warrant on the Inkster residence. The circuit court agreed with defendant and dismissed the charges.

The prosecutor appealed and the Court of Appeals reversed over a partial dissent. *People v Newman*, unpublished per curiam opinion of the Court of Appeals, issued July 2, 2020 (Docket No. 348846). On the issue of jurisdiction,[1] the majority held that the violation of MCL 764.2a did not warrant application of the exclusionary rule, relying on *People v Hamilton*, 465 Mich 526, 532-533 (2002) ("The Fourth Amendment exclusionary rule only applies to constitutionally invalid arrests, not merely statutorily illegal arrests"), abrogated in part on other grounds by *Bright v Ailshie*, 465 Mich 770 (2002). Dissenting Judge JANSEN concluded that because the search warrant was procured based on policing done in violation of MCL 764.2a, it was a warrantless arrest executed without probable cause. This, she concluded, violated defendant's right to be free from unreasonable searches and seizures and warranted application of the exclusionary rule.

As the circuit court and the Court of Appeals panel recognized and the prosecution concedes, the Detroit police officers acted outside of their jurisdiction in violation of MCL 764.2a. The officers in this case acknowledged that they were not acting in conjunction with the Michigan State Police, MCL 764.2a(1)(a), were not acting in conjunction with the Inkster Police Department, MCL 764.2a(1)(b), and did not witness defendant commit any crime within the geographical boundaries of the city of Detroit, MCL 764.2a(1)(c).[2] Accordingly, they were acting without statutory authority. The question is, therefore, what remedy, if any, is available in light of a violation of MCL 764.2a.

In *Hamilton*, 465 Mich at 535, this Court considered whether suppression of the evidence and dismissal of a case was the appropriate remedy for a violation of MCL 764.2a and held that it was not. In that case, an officer patrolling outside of his jurisdiction pulled over a defendant on the suspicion of driving under the influence after observing that the vehicle did not have operating taillights and the vehicle briefly touched the shoulder of the roadway. *Id*. at 528. After performing sobriety tests, the driver was arrested. *Id*. After being bound over to circuit court, the defendant successfully moved to dismiss the charges on the basis that the arrest by an officer outside of his jurisdiction was illegal in violation of MCL 764.2a. Although this Court agreed with the lower courts that the arrest was illegal because the officer was acting without statutory authority, it concluded that a violation of the statute did not render the arrest unconstitutional because the officer had probable cause to arrest defendant for operating while under the influence. "The Fourth Amendment exclusionary rule only applies to constitutionally invalid

---

[1] I agree with the panel's conclusions that the circuit court abused its discretion by concluding that the district court lacked probable cause to bind defendant over on the offenses involving possession of cocaine, heroin, and firearms.

[2] As dissenting Judge JANSEN recognized, the prosecution failed to explain why the Detroit Police Department was policing in Inkster.

arrests, not merely statutorily invalid arrests." *Id*. at 532-533, citing *People v Lyon*, 227 Mich App 599, 611 (1998).[3] The Court went on to observe that "[a] number of decisions establish that statutory violations do not render police actions unconstitutional." *Id*. at 534, citing *People v Meyer*, 424 Mich 143 (1985), and *People v Burdo*, 56 Mich App 48 (1974).[4] On the basis of these decisions, the Court concluded that a statutory violation does not "*necessarily* require application of an exclusionary rule" and that the question was "whether the Legislature intended to apply the drastic remedy of exclusion of evidence." *Hamilton*, 465 Mich at 534 (emphasis added). To answer that question, the Court determined that there was nothing in the language of MCL 764.2a suggesting that the Legislature intended that suppression of evidence was appropriate when an officer violated the statute. *Id*. Moreover, the purpose of MCL 764.2a was to " 'protect the rights and autonomy of local governments,' " and, therefore, it did not "create a new right of criminal defendants to exclusion of evidence." *Id*. at 535. In sum, the *Hamilton* Court, like the Court of Appeals majority in the instant case, held that the violation of MCL 764.2a did not require exclusion of evidence.

I question the *Hamilton* decision—a peremptory opinion decided without the benefit of oral argument—and, therefore, its application to the instant case. It is unclear to me that a violation of MCL 764.2a can never be the basis for the suppression of evidence. Until 1999, this Court had a history of suppressing evidence as a remedy for the violation of statute. In *People v Dixon*, 392 Mich 691, 705 (1974), for example, this Court held that "[a]ny evidence gained in derogation of this statutory right is to be suppressed; no other remedy is as likely to assure its full enforcement and the protection of the citizenry at large . . . ." The statute violated in that case was a statutory right to immediate bail. *Id*. at 700. Other cases similarly held that suppression was an appropriate remedy for a statutory violation. See *People v Sherbine*, 421 Mich 502 (1984) (violation of MCL 780.653); *People v Sloan*, 450 Mich 160 (1995) (same).

In *People v Stevens (After Remand)*, 460 Mich 626 (1999), however, the Court changed course. After concluding that the police conduct in question—violation of the "knock and announce" statute, MCL 780.656—violated the Fourth Amendment, the Court considered whether application of the exclusionary rule was an appropriate remedy. *Id*. at 633-634. It framed the issue as one of statutory interpretation. *Id*. at 644,

---

[3] But see Leitman, *A Clarification of Michigan Law Concerning the Suppression of Evidence Seized in Violation of A State Statute: Exposing the Court of Appeals' Blatant Disregard for Controlling Supreme Court Precedent*, 1998 Det C L Mich St L Rev 225, 238 (stating that *Lyon* deserved "special criticism" for failing to follow precedent from this Court as well as a controlling decision of the Court of Appeals).

[4] See *id*. at 234-236 (identifying *Burdo* as a "seminal decision" in a line of Court of Appeals cases that ignored precedent from this Court authorizing suppression of evidence as an appropriate remedy for the violation of a statute).

quoting *People v Wood*, 450 Mich 399, 408 (1995) (BOYLE, J., concurring) ("Whether suppression is appropriate is a question of statutory interpretation and thus one of legislative intent.").[5] The Court noted that the statute at issue did not allude to the exclusionary rule and that the Legislature enacted MCL 780.657 (making it a misdemeanor to willfully exceed authority or exercise authority with unnecessary severity when executing a search warrant), concluding that it was the Legislature's intent that MCL 780.657 be the sanction for improperly performing a "knock and announce," not exclusion of evidence. *Stevens*, 460 Mich at 644-645. Moreover, the officers had a valid search warrant, and their entrance into the home was inevitable. *Id*. at 646. For all these reasons, suppression of the evidence was not warranted. *Id*. at 647.

The next year, this Court again rejected suppression of evidence as an available remedy when law enforcement failed to provide the defendant with a copy of the affidavit in violation of MCL 780.654. *People v Sobczak-Obetts*, 463 Mich 687 (2001). First, there was no apparent legislative intent that the remedy of exclusion be invoked in the event of a violation of the statute. *Id*. at 710. Second, the exclusionary rule forbids the use of evidence acquired from governmental misconduct, not ministerial errors that occur after the evidence has already been seized. *Id*. Finally, the deterrent purpose of the exclusionary rule would not be served by ordering suppression because there was no misconduct. *Id*. at 711.

Then came *People v Hawkins*, 468 Mich 488 (2003), in which the Court overruled *Dixon*, *Sloan*, and *Sherbine*. In that case, the Court held that a violation of the affidavit requirements in MCL 780.653—the same statute at issue in *Sloan* and *Sherbine*—did not warrant suppression of evidence. *Id*. at 502. Like in *Stevens* and *Sobczak-Obetts*, the Court identified the issue as being one primarily of legislative intent. *Id*. at 500, 507. The Court concluded that nothing in MCL 780.653 led it to conclude "that the Legislature intended that noncompliance with its affidavit requirements, standing alone, justifies application of the exclusionary rule to evidence obtained by police in reliance on a search warrant." *Id*. at 510. In addition, application of the exclusionary rule to a technical violation would not deter police misconduct. *Id*. at 510-511. The Court did not address *Dixon* at length, only mentioning that the *Dixon* Court did not look to legislative intent.

---

[5] This quotation from Justice BOYLE's concurrence in *Wood* cited no authority. I am at least skeptical that the Legislature's silence as to the application of the exclusionary rule—a judicially created remedy—is the appropriate focus of the inquiry. See *People v Sobczak-Obetts*, 463 Mich 687, 715 (2001) (CAVANAGH, J., dissenting) ("I fear that the majority's search for legislative intent effectively upends the intent that is most clear. . . . Rather than leave the Legislature's policy . . . so doubtful, I would exclude the challenged evidence to ensure that the [Legislature's] policy is observed.").

I think it worthy of our consideration in a future case whether *Hamilton* was properly decided and whether the exclusion of evidence may be an appropriate remedy for a violation of MCL 764.2a in some instances. Assuming that *Hawkins* was correct to overrule *Sloan* and *Sherbine* on the basis that technical violations of MCL 780.653 do not require suppression, it does not necessarily follow that a violation of a statute like MCL 764.2a could never justify suppression of evidence. The *Hamilton* Court made this leap without, in my view, any meaningful analysis. Moreover, none of the cases cited above stands for the proposition that suppression is *never* warranted. In each case where the Court determined that exclusion was an inappropriate remedy for the violation of a statute, multiple reasons for this conclusion were provided above and beyond that the police action at issue was not unconstitutional. These reasons included the inevitability of the officers' entrance into the home, *Stevens*, 460 Mich at 646; the fact that the violation could be characterized as a ministerial error, not misconduct, *Sobczak-Obetts*, 463 Mich at 710; and that suppressing evidence would not serve the purpose of the exclusionary rule. *Hawkins*, 468 Mich at 511. The *Hamilton* Court did not employ a similar analysis when extending the holdings of those cases to the violation of MCL 764.2a.

I would revisit our statutory suppression jurisprudence and its extension in *People v Hamilton* to violations of MCL 764.2a. However, *Hamilton* remains good law, and the Court of Appeals' reliance on this binding precedent was not clearly erroneous. Moreover, defendant has not asked us to revisit our *Hamilton* decision. Therefore, I concur with the Court's denial order.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 30, 2021



Clerk

p0727