## THE PEOPLE v. GEORGE W. BURT.

*Constable acting outside of bailiwick—Arrests on suspicion—Homicide in resisting unlawful arrest—Outlawry of prosecution—Amicus curiæ.*

A constable is not vested with official character when acting in a county to which he does not belong.

An arrest cannot be made without a warrant on causeless suspicion, and

in the absence of actual belief of guilt, based on actual facts that create probable cause.

One who kills an actual felon in trying to arrest him, without knowing or believing him to be guilty, commits murder, especially if the person attempting to make the arrest is not an officer.

A constable acting outside of his county and in company with a private citizen, sought to find out who had committed certain burglaries, by stationing themselves at a certain point and stopping passers-by. One man as to whom there was no probable cause for suspicion, would not be stopped ; and in escaping he fired on them, killing the private citizen. *Held*, that in trying him as for murder proof of the burglaries was inadmissible. And the case should have been put to the jury on the hypothesis that it was one of justifiable homicide.

Voluntary homicide is no more than manslaughter if provoked by unlawful violence and by a display of deadly weapons, designed to compel submission to an unlawful arrest.

One who was guilty of manslaughter but convicted of murder should be discharged, on vacating the judgment against him, if the right to prosecute him for manslaughter was outlawed when the proceedings for murder were taken.

Where the Attorney General appears for the People in a criminal case, and confesses error, the Supreme Court can pay no attention to suggestions from others in respect to the case.

Error to Livingston. (Turner, J.) June 19.—July 2.

MURDER. Respondent was convicted. Reversed.

*M. V. & R. A. Montgomery* for respondent appellant.

Attorney General *Jacob J. Van Riper*, for the People, confessed error.

CAMPBELL, J. Respondent, having been convicted of murder, was sentenced to twenty years' imprisonment, and brings error. The Attorney General, on careful consideration of the case, has concluded that he cannot uphold the conviction. We are of the same opinion. But inasmuch as we are to consider whether the prisoner should be retained for further trial or discharged, we are compelled to deal with it far enough to determine that question.

Respondent is charged with murdering one Martin Van

Etter on the 18th of October, 1867. The complaint and warrant for his arrest were made in January, 1879,—between eleven and twelve years afterwards. The testimony showed that he could have been reached at almost any time during this interval, and no good reason was shown for any delay. As his defense consisted partly of proof that he was at that time in a different part of the State, and his identification depended chiefly on testimony of a witness very strongly interested in clearing himself from a bad case of wrong-doing under color of zeal for the public service, the delay was at least unfortunate in rendering testimony of so stale a transaction unsafe.

Without going over all the facts an outline of the principal matters will be enough to explain our legal views. Some burglaries having been recently committed at Williamston, in Ingham county, where respondent had been doing business, one Carr, who was a constable of Ingham county, undertook, with Van Etter's co-operation, to see what they could discover on the subject. They had no indications or suspicions, well or ill-founded, pointing towards any person as the criminal. They procured revolvers and stationed themselves by a bridge near Fowlerville in Livingston county, with the purpose of compelling passers-by to submit to a search, expecting thereby to get at indications of guilt in somebody. The person who killed Van Etter, and who is claimed to have been respondent, having, while passing along the highway, reached the bridge, was stopped, against his remonstrances, by these parties, and they endeavored to compel him to accompany them to Fowlerville—as Carr claims —to be searched. He warned them off once or twice if not oftener, and charged them with designing to rob him. Carr claims to have informed him of the burglaries and to have also told him that he was showing guilt in the matter. Having kept a few paces in advance of them,—they following him with weapons, and Van Etter's pistol, if not Carr's, being cocked,—he attempted to evade them by running off southward across the ditch, and when about twenty feet off he whirled round and fired and shot Van Etter through the

bowels. Van Etter fired at him, the shots being nearly simultaneous. Carr fired several shots after him, and thought he hit him.

In order to make the act of the assailant murder, the prosecution undertook to show that he was resisting or evading a lawful arrest, and to do so they were allowed to prove the burglaries, and the subsequent action of Carr and his associate as based on probable cause. At least, no other reason can very well be suggested for allowing such proof.

Carr, when acting out of his own county, was not vested with official character. But no one, whether private person or officer, has any right to make an arrest without warrant in the absence of actual belief, based on actual facts creating probable cause of guilt. Suspicion without cause can never be an excuse for such action. The two must both exist, and be reasonably well founded. We need not now go further,— although we may perhaps say that no one can be justified in threatening or taking life in attempting an arrest on suspicion, without incurring serious responsibilities. And where the life of an actual felon is taken by one who does not know or believe his guilt, such slaying is murder. A private citizen has less immunity than an officer. But we need not discuss their respective rights or liabilities, because neither Carr nor Van Etter were proceeding on any honest belief or well-founded suspicion. Except in the lack of specific intention to rob they in no way differed from any highway wrong-doers, and their appearance would justify any one in believing them to be dangerous criminals. Any serious injury done by them could hardly fail to be a felony.

The proof of the Williamston burglaries was therefore improper, because defendant was not on trial for them, and because his attempted arrest was not warranted by any honest and well-founded supposition of his complicity in them.

From the facts as detailed by Carr himself we are strongly inclined to think he made out a case of justifiable homicide. But whether this was absolutely shown or not, the case should have been put to the jury on that hypothesis, and if they thought that Van Etter was killed by a person

who believed his own safety to be in peril from Carr and Van Etter's lawless violence, the respondent should have been acquitted on that ground.

This, however, is now immaterial, because even if the homicide was voluntary, there can be no doubt that, having been provoked by unlawful violence and the display of deadly weapons to compel submission to a wrongful arrest, the killing could not be more than manslaughter; and it should have been so held.

The conviction was erroneous, and the judgment must be vacated. And inasmuch as, if respondent had been indicted for manslaughter, the prosecution would have been outlawed, he should not be subjected to another trial but should be discharged. Inasmuch as the Attorney General has appeared in this case, we can pay no attention to suggestions from other parties, and as we have no doubt the papers before us are substantially correct, it would not be just to postpone the decision.

The other Justices concurred.