PEOPLE *v.* BRESSLER.

1. ARREST — CRIMINAL LAW — ARREST WITHOUT WARRANT—COM-
MITTING FELONY.

Police officers in possession of facts that would justify a
reasonable man in believing that defendant was com-
mitting a felony by illegally transporting intoxicating
liquors were justified in arresting him without a warrant
after he had driven into his own yard.

2. SEARCHES AND SEIZURES—SEARCH WARRANT—SEARCH JUSTIFIED
BY LEGAL ARREST.

Where defendant was legally arrested for illegally trans-
porting intoxicating liquors after he had driven into his
own yard, the search of his automobile at the police
station, where he had driven at the order of the officers,
without a search warrant was legal and the evidence
thereby obtained was admissible in defendant's trial.

3. ARREST—CRIMINAL LAW—INFORMATION THAT DEFENDANT WAS
COMMITTING FELONY JUSTIFIED ARREST WITHOUT WARRANT.

Instructions to police officers by the chief of police to
watch for defendant's automobile because he was sus-
pected of using it for the illegal transportation of intox-
icating liquors, and information by a young man with an
empty bottle whom they met near defendant's home that
he could buy intoxicating liquor from defendant, that de-
fendant was in the habit of bringing it home at night
in his automobile, together with his pointing out defend-
ant to them as the man who brought the liquor, *held*,
to justify defendant's arrest without a warrant for the
illegal transportation of liquor after he had driven into
his own yard.

4. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY.

The testimony of the police officers as to the information
upon which they acted in arresting defendant without a
warrant was admissible in his trial.

Exceptions before judgment from Calhoun; North

On constitutional guaranties against unreasonable searches
and seizures, as applied to search for or seizure of intoxicating
liquors, see notes in 3 A. L. R. 1514; 13 A. L. R. 1316.

(Walter H.), J.   Submitted April 17, 1923.   (Docket No. 124.)   Decided July 19, 1923.

Frank Bressler was convicted of a violation of the liquor law.   Affirmed.

*D. G. F. Warner,* for appellant.

*Clyde C. Cortright,* Prosecuting Attorney, and *Andrew W. Lockton,* Assistant Prosecuting Attorney, for the people.

MCDONALD, J.   Frank Bressler was convicted in the Calhoun circuit court under an information charging him with unlawfully transporting and having in his possession certain intoxicating liquors.   At the time of his arrest the defendant was living with his family at No. 106 Third street in the city of Battle Creek, Michigan.   Two officers of the Battle Creek police department were sent out by the chief to look for a couple of automobiles, one of which belonged to the defendant.   About 10 o'clock in the evening they secreted themselves in an alley near defendant's home. A young man came by having in his possession an empty bottle.   When accosted he told them he was on his way to buy some liquor, that he could get it at three places, one of which was defendant's, and that defendant was in the habit of bringing the liquor home in his automobile.   After receiving this information they waited for the defendant.   The officer who made the arrest testified:

"We kept this boy there all the time, probably 40 minutes, when we saw this defendant drive into his yard with an automobile and this man that was with us says, 'that man drives in there with it now,' so we goes over and places this man under arrest.   I am the man who told him he was under arrest.   I said, 'you are under arrest.'   We placed him under arrest by reason of instructions that we had from our

chief to look out for these cars and from the information furnished by the man that was with us, for the violation of the liquor law or prohibition law. Respondent was in his car when we told him he was under arrest. He didn't say anything."

The other officer testified:

"*Q.* What did you say to him?
"*A.* Merely told him that he was under arrest and to come to the station with us.
"*Q.* Did you make a search?
"*A.* No, sir.
"*Q.* What was done then?
"*A.* Well, we ordered him to drive us to the station. Officer Hensley got into the front seat with him. I got into the rear seat. As I got into the rear seat I saw a container in the automobile, a one-gallon jug. We made no search for it at all. It was there in plain sight. On the way to the station he wanted a drink and wouldn't drive any further, but we induced him to go to the station and we gave him in charge of Chief of Police Fonda."

At the station the chief searched the automobile and in addition to the gallon jug of whisky found two quart jars also containing whisky, packed away in the rear of the car. The liquor and automobile were retained and a warrant duly issued.

When arraigned the defendant stood mute and a plea of not guilty was entered for him by order of the court. The questions relied on by the defense were preserved by timely and appropriate motions, objections and exceptions. Before the jury was impaneled a motion to quash was made and denied. A motion was also made for the suppression of the evidence obtained by searching the automobile and for the return of the property, including the liquor, to the defendant. The motions were denied. A motion for a directed verdict was disposed of in a similar manner. No testimony was offered by the defense. After the jury had returned a verdict of guilty the

defendant, by his counsel, made a motion in arrest of judgment and the court again determined the legal questions involved adversely to him.

The first question presented by the record is stated by counsel as follows:

"The court erred in not granting the motion of the respondent which was made and filed prior to the impaneling of the jury, which motion was to the effect that the place where the alleged liquor was obtained and taken from was the respondent's private property, his automobile, which automobile at the time was upon his own premises, and that the same was seized and taken without any search warrant and against the constitutional rights of the respondent."

The question of a search and seizure without the authority of a search warrant is not in this case. There was no invasion of the private premises of the defendant for the purpose of searching for liquors. The officers went upon his premises to make an arrest, acting on information which they had previously received.    They did not go there to search for liquor, nor was any search made of the automobile until after the defendant had driven it to the station.    If the evidence secured by the search of the automobile was unlawfully obtained, it was not because of a search and seizure on defendant's private premises without warrant, but because the arrest was illegal.    So that the question we are called upon to determine is not whether there was an unlawful search and seizure, but whether the officers were justified in arresting the defendant without a warrant.    The transportation and possession of intoxicating liquors is a felony.    An officer may arrest without warrant in cases of felony upon information that would justify a reasonable man in acting upon it.    *Ross* v. *Leggett*, 61 Mich. 445 (1 Am. St. Rep. 608).

"No one without a warrant has any right to make an arrest in the absence of actual belief, based on

actual facts creating probable cause of guilt. Suspicion without cause can never be an excuse for such action. The two must both exist, and be reasonably well founded." *People* v. *Burt,* 51 Mich. 199.

In *People* v. *McLean,* 68 Mich. 485, this court said:

"The question whether an arrest can be made without warrant has been decided from time to time according to the various circumstances of each particular case, many of which may be found in 2 Hale, P. C. 72-105. The principles recognized in the cases are:

"1. Any person may arrest another who is actually committing, or has actually committed, a felony.

"2. He may arrest any person whom he suspects on reasonable grounds to have committed a felony, if one has actually been committed.

"3. Any constable or sheriff may arrest any person whom he suspects, on reasonable grounds, of having committed a felony, whether in fact a felony has been actually committed or not."

The question in the instant case is whether the information upon which the officers acted furnished reasonable ground for their suspicion that a felony had been committed, or was being committed, by the defendant. We think it did. They had instructions from the chief of police to watch for the defendant's automobile. He was suspected of using it for the transportation of liquor. While secreted near his premises, they took into custody a young man, who had an empty quart bottle, and who was on his way to purchase liquor. He said that he could buy it from the defendant. He told them that the defendant was in the habit of coming home at night with a supply of intoxicating liquor in his automobile. Shortly thereafter the defendant drove up and the young man pointed him out to the officers, saying, "that man drives in there with it now." With this information, that the young man, found in the vicinity with an empty bottle, could buy liquor from the defendant, that he brought it home in his automobile, and that he

was driving in with it now, together with the information they had received from the chief, they placed the defendant under arrest.    Under these circumstances the arrest without warrant was legal.    The evidence secured by the search of defendant's automobile thereafter was lawfully obtained.    The testimony of the officers as to the information upon which they acted was competent.    The circuit court correctly disposed of all legal questions applicable to the facts.

The conviction is affirmed.    The circuit judge will proceed to judgment.

CLARK, BIRD, SHARPE, and STEERE, JJ., concurred with MCDONALD, J.    MOORE, J., did not sit.

WIEST, C. J. (concurring).    I concur in the result. I do not place any decisive importance upon the direction given the police officers by their chief to "watch for defendant's automobile."    This constituted no more reason for arrest than would direction given by a town bell-ringer.    Power to arrest without a warrant is not vested in police officers, high or low, but arises, if at all, upon reliable information creating a reasonable belief, not only that a crime has been committed but as well that the person arrested committed it.

I cannot sanction the quotation from Hale.    It is unfortunate that the word "suspicion" was employed by Hale, as it imports something less than belief based on reasonable grounds; while, in fact, the power, if exercised, must be justified upon belief based on reasonable grounds and not upon mere suspicion. The learned circuit judge well stated the law upon this subject in his instruction to the jury:

"I say to you as a matter of law that it is not necessary that an officer should be armed with a warrant in order to justify him in making an arrest in case of a felony provided the felony is committed in his

presence or providing he is possessed of such facts and has knowledge of such circumstances that he may be said to reasonably believe that the defendant or the one arrested has committed or is committing a felony. If the officer making the arrest is possessed of such information that in the exercise of reason and common sense in a fair way he can say that he believes that the man who is about to be arrested committed a felony or is committing a felony, then he is justified in arresting the man even though the officer does not have a warrant in his possession at the time and that is the test on that phase of this case.    If from what you have heard here in the proof you believe it has been shown here beyond a reasonable doubt that these officers were justified in making the arrest because they had reason to believe and did believe in a reasonable way that this defendant had committed or was then committing a felony the arrest would be justified and the possession by the officers of the evidence offered here would be lawful and therefore it would be admissible."

The evidence at the trial sent the question of the legality of defendant's arrest to the jury.

FELLOWS and BIRD, JJ., concurred with WIEST, C. J.