PEOPLE *v.* DE BOER.

ARREST—CRIMINAL LAW—INTOXICATING LIQUORS—SEARCHES AND SEIZURES.
> In a prosecution for the illegal transportation and possession of intoxicating liquors, testimony of the officer making the arrest, *held*, sufficient to authorize the trial judge in holding that there was probable cause justifying defendant's arrest without a warrant and seizure of the liquor in his possession without a search warrant.

Exceptions before judgment from Ottawa; Cross (Orien S.), J.     Submitted April 18, 1924.     (Docket No. 129.)     Decided June 2, 1924.

Dick DeBoer was convicted of violating the liquor law.     Affirmed.

*Robinson & Parsons*, for appellant.

*Fred T. Miles*, Prosecuting Attorney, for the people.

FELLOWS, J.     Defendant was convicted of trans-

porting and having in his possession intoxicating liquors and reviews his case on exceptions before sentence. By timely motion before trial, objection to receiving the evidence, and motion for a directed verdict, defendant preserved the question of the validity of the search and seizure for review. There was testimony before the magistrate that the arrest and search were substantially concurrent and the trial judge therefore had before him and we have before us, the question of whether the officer had probable cause for making the arrest. The testimony of the officer making the arrest was to the effect that the evening before he made the arrest the prosecuting attorney had a conversation with him with reference to defendant; that the prosecuting attorney told him that he had been reliably informed by a neighbor of defendant that defendant was "fooling with liquor continually;" that he (the prosecutor) had gone to defendant's place the Saturday night before and watched and listened and heard loud talking and every indication of drinking; that he (the officer) had been instructed by the sheriff to get busy and was told by the sheriff that he had heard so much about it that he had got sick of it; that defendant's wife had come to him (the officer) and complained that her husband was drinking heavily and getting drunk, and she showed him where her husband would plant the liquor and where he got it and showed him the containers and said her husband always had liquor; that he went to defendant's place and heard swearing and loud talking, "getting louder and louder;" that he had learned that defendant was taking liquor every morning to the foundry where he worked; that he knew defendant well and always noticed the odor of liquor on his breath whenever he met him.

Upon this testimony the trial judge was authorized in holding that there was probable cause justifying

defendant's arrest. *People* v. *Bressler*, 223 Mich. 597; *People* v. *Guertins*, 224 Mich. 8.

The conviction will be affirmed, and the case remanded for further proceedings.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.