*Michigan Supreme Court*
*Lansing, Michigan 48909*

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED APRIL 9, 2002**

DENNIS BRIGHT,

      Plaintiff-Appellant,

v                                   No. 119111

LT. LITTLEFIELD, SGT. MEYERS,
OFFICER JOHN DOE #1, OFFICER
JOHN DOE #2, JOHN DOE #3
also known as "ERIC," and
CHESTER F. WATERHOUSE,

      Defendants,

DOROTHY AILSHIE, TIM MOORE
and A-ABLE BAIL BONDS,
a Missouri company,

    Defendants-Appellees.
_____

PER CURIAM

    Plaintiff's first amended complaint alleged defendants were liable to him under theories of assault and battery, false imprisonment, intentional infliction of emotional distress, and negligence as a result of his being illegally

arrested by a bounty hunter and taken to Missouri. In Missouri it was confirmed that the actual person who should have been sought was plaintiff's brother, who had been arrested on a drug charge there. The trial court granted summary disposition for defendants pursuant to MCR 2.116(C)(10). The Court of Appeals affirmed the dismissal, holding the existence of the facially valid Missouri arrest warrant provided authority to arrest plaintiff. We reverse the grant of summary disposition and remand for further proceedings.

I

The pertinent facts are not in dispute. We borrow the Court of Appeals statement of facts:

> Plaintiff's brother Vincent Bright was arrested by Missouri police on a drug charge. Vincent identified himself as plaintiff Dennis Bright, using plaintiff's address, date of birth and social security number. Vincent entered into a bond agreement with defendant, A-Able Bail Bonds, which was issued in plaintiff's name and which Vincent signed using plaintiff's name. When Vincent subsequently absconded on the bond, an arrest warrant was issued in plaintiff's name, again using plaintiff's address, date of birth and social security number. Defendant Tim Moore apprehended plaintiff in Detroit and returned him to the Missouri court, where he was later released and the arrest warrant was amended to name Vincent. Plaintiff brought this action, alleging assault and battery, false imprisonment, intentional infliction of emotional distress and negligence. The trial court granted summary disposition to defendants, finding that the facially valid Missouri warrant

2

provided the authority to arrest plaintiff.[1]

The Court of Appeals affirmed. Plaintiff has applied for leave to appeal.

## II

The Court of Appeals held that, given probable cause, a private citizen may make an arrest for a felony committed in the person's presence or otherwise. MCL 764.16; *People v Bashans*, 80 Mich App 702, 713; 265 NW2d 170 (1978). It further noted that a warrant provides probable cause for an arrest, and an arrest on a facially valid warrant is not a basis for a claim of false imprisonment. *Gooch v Wachowiak*, 352 Mich 347, 351-354; 89 NW2d 496 (1958). It reasoned that the facially valid warrant provided the authority needed to execute it. *People v Rowe*, 95 Mich App 204, 208-209; 289 NW2d 915 (1980). The Court concluded that because the Missouri warrant was facially valid and the erroneous identification was not caused by defendants, the trial court did not err in granting summary disposition.

## III

This case concerns the interpretation of MCL 764.16. In construing statutes, "[t]he primary goal of judicial interpretation is to ascertain and give effect to the intent of the Legislature." *McJunkin v Cellasto Plastic Corp*, 461

---

[1] Unpublished opinion per curiam, issued April 10, 2001 (Docket No. 219182), p 1.

3

Mich 590, 598; 608 NW2d 57 (2000).  To do that we examine the "language of the statute itself." *In re MCI Telecommunications*, 460 Mich 396, 411; 596 NW2d 164 (1999). If the language is unambiguous, the Court applies the statute as written.

IV

We deal with a plainly written statute in this matter. MCL 764.16 provides:

> A private person may make an arrest in the following situations:
>
> (a) For a felony committed in the private person's presence.
>
> (b) If the person to be arrested has committed a felony although not in the private person's presence.
>
> (c) If the private person is summoned by a peace officer to assist the officer in making an arrest.
>
> (d) If the private person is a merchant, an agent of a merchant, an employee of a merchant, or an independent contractor providing security for a merchant of a store and has reasonable cause to believe that the person to be arrested has violated section 356c or 356d of the Michigan penal code, Act No. 328 of the Public Acts of 1931, being sections 750.356c and 750.356d of the Michigan Compiled Laws, in that store, regardless of whether the violation was committed in the presence of the private person.

The plain language of subsection (b) provides authority for a private person to arrest another, if the other has committed a felony.  The statute does not grant arrest authority where the other has not committed a felony even if

4

the private person has probable cause to believe the other has committed a felony.[2]  Notwithstanding the clarity of the Michigan statute, the Court of Appeals in *Bashans* incorrectly read a probable cause qualification into MCL 764.16.  This may not be done.  Although such authority may have existed at common law, that authority was abrogated by our Legislature in 1927.  1927 PA 175.  Thus, an arrest is only justified by subsection (b) if the person to be arrested has actually committed a felony.[3]  To proceed to arrest, no matter how

_____

[2] While numerous states have similar statutes, several are more expansive and essentially grant authority to private parties to arrest on the basis of reasonable cause.  For example, Cal Penal Code 837 provides:

A private person may arrest another:

1.  For a public offense committed or attempted in his presence.

2.  When the person arrested has committed a felony, although not in his presence.

3.  When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it.

[3] It is noteworthy that the key phrase in subsection b is "*committed* a felony" (emphasis added).  Of course, a felony is "committed" when a person engages in the conduct that constitutes a felony.  Thus, an arrest by a private person of another person who has actually committed a felony would be valid regardless of whether the arrested person is ever tried for or convicted of the felony.  In the present case, it is undisputed that plaintiff is innocent of the alleged Missouri felony underlying his purported arrest.  Accordingly, we need not consider the proper allocation of the burden of proof with regard to whether a person committed a felony in a case where that is a disputed issue.  Likewise, we assume without deciding for purposes of our analysis that MCL 764.16(b)

manifest the likelihood the seized person is the felon, is outside the scope of subsection (b) if the seized person did not commit the felony.[4] In such circumstances, subsection (b) does not shield the party making the "arrest" from liability.[5]

---

provides authority for a private person to arrest for the commission of a felony under the laws of another state.

[4] While the plain language of subsection (b) is dispositive, it is noteworthy that subsection (d) of MCL 764.16 authorizes a merchant (and certain affiliated parties) to make an arrest merely on the basis of "reasonable cause" to believe that a person has committed retail fraud in violation of MCL 750.356c or MCL 750.356d in the merchant's store. The absence of any such "reasonable cause" language in subsection (b) underscores that it means what it states in providing authority to arrest only if the person to be arrested has committed a felony.

[5] We note that this opinion is consistent with the result and basic analysis of our recent decision in *People v Hamilton,* 465 Mich 526; 638 NW2d 92 (2002). In *Hamilton,* a city police officer stopped a vehicle outside his jurisdiction and eventually arrested the driver, the defendant in *Hamilton,* for the misdemeanor of operating under the influence of liquor (OUIL). It was later discovered that the defendant had two prior OUIL convictions, which led to him being charged with the felony of OUIL, third offense (OUIL-3d). However, importantly, the police officer was unaware of the prior OUIL convictions at the time of the arrest. This Court concluded that the police officer lacked authority under Michigan statutes, including the statute at issue in this case, MCL 764.16, to make the arrest for the misdemeanor of simple OUIL. *Id.* at 530-532. However, we also concluded that the arrest did not involve a constitutional violation under the Fourth Amendment because the police officer had probable cause to suspect the defendant committed OUIL. *Id.* at 533. The essential holding of *Hamilton* was that there is no exclusionary rule requiring suppression of evidence flowing from an arrest by a police officer that is only "statutorily illegal," but does not violate the Fourth Amendment. *Id.* at 532-535. Obviously, the present civil case does not implicate any concerns about suppression of evidence in a criminal prosecution on the basis of police misconduct. Accordingly, there is no conflict between the dispositive holding of

6

Further, the Court of Appeals opinion in *Rowe,* which was cited by the Court of Appeals as support in this case, does not support the lower courts' conclusions.  In that case, two

---

*Hamilton* and the present opinion.

However, *Hamilton* did include the following language that may warrant further explanation:

> Under MCL 764.16, a private person has the authority to make a felony arrest, but lacks the authority to make a misdemeanor arrest except in nonapplicable circumstances.  "'No one without a warrant has any right to make an arrest in the absence of actual belief, based on actual facts creating probable cause of guilt.'"  *People v Panknin,* 4 Mich App 19, 27; 143 NW2d 806 (1966), quoting *People v Bressler,* 223 Mich 597, 600-601; 194 NW 559 (1923), paraphrasing *People v Burt,* 51 Mich 199, 202; 16 NW 378 (1883).  Here, the officer only had probable cause to make an arrest for a misdemeanor, i.e., OUIL.  *The fact that defendant may have committed a felony, i.e., OUIL, third offense, was only discovered after the arrest. Accordingly, the officer lacked the statutory authority to make the arrest under MCL 764.16.* [*Id.* at 531-532 (emphasis added).]

The critical point was that the police officer in *Hamilton* did not realize that the defendant in that case may have committed the felony of OUIL-3d.  Accordingly, the officer in that case plainly did not even purport to arrest the defendant for a felony, but only for the misdemeanor of simple OUIL.  Thus, MCL 764.16 did not provide authority for the misdemeanor arrest made in *Hamilton.*  To the extent that the language from prior cases in the above quotation from *Hamilton* suggests that the existence of probable cause is relevant to determining whether a private person's arrest of another person for a felony is permitted by subsection (b) of MCL 764.16, it is incorrect.  Rather, as explained in this opinion, the plain language of subsection (b) means that the question is whether the seized person actually committed a felony.  Of course, regardless of MCL 764.16, a police officer or other state actor acting as such is constitutionally precluded by the Fourth Amendment from making an arrest without probable cause. *Hamilton, supra* at 533.

7

city police officers arrested a defendant on a warrant outside their city, but inside the county where the city was located. It was claimed that they had no jurisdiction to effect the arrest outside the city. The Court disagreed, holding that they had the statutory authority to execute the warrant anywhere in the state. The Court further held that, "Pursuant to the statutes cited, when a warrant is directed to a law enforcement officer, the warrant itself provides the authority needed to execute it." *Id*. at 208-209. The present case is distinguishable because it does not involve an arrest by a law enforcement officer. Thus, while a warrant may give a law enforcement officer authority to execute it, it should not be construed as extending such authority to a private person. The authority for a private person to arrest in certain limited situations comes from MCL 764.16. Under its subsection (b), authority is given only when the person to be arrested has actually committed a felony.

Therefore, because it is undisputed that plaintiff had not committed a felony, defendants did not have authority to arrest him. The facially valid Missouri warrant did not, under these facts, provide the authority to arrest plaintiff.[6]

---

[6] Defendants argue that Moore's status as a bounty hunter insulates him from liability because of alleged wide-ranging common-law powers based in part on the bail bond contract. It is not necessary to determine the extent of those powers, if any, since plaintiff was not a party to the contract.

8

The trial court erred in granting summary disposition. Accordingly, we reverse the judgments of the circuit court and Court of Appeals, and remand this case to the circuit court for further proceedings consistent with this opinion.  MCR 7.302(F)(1).

CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.