*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

ANTHONY LEMAR NEWMAN,

Defendant-Appellee.

UNPUBLISHED
July 2, 2020

No. 348846
Wayne Circuit Court
LC No. 19-000526-01-FH

Before: MURRAY, C.J., and JANSEN and MARKEY, JJ.

PER CURIAM.

Defendant was charged with possession with intent to deliver 50 grams or more but less than 450 grams of cocaine, MCL 333.7401(2)(a)(*iii*), possession with intent to deliver less than 50 grams of heroin, MCL 333.7401(2)(a)(*iv*), two counts of felon in possession of a firearm, MCL 750.224f, and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant moved to quash the information, arguing that the district court erred in binding him over because probable cause was not established that defendant possessed the cocaine, heroin, and firearms that were found at a residence in Inkster. Defendant also argued that police officers employed by the city of Detroit were acting outside of their jurisdiction when they conducted surveillance on him and the home where the drugs were found and then executed a search warrant on the Inkster residence. The circuit court granted defendant's motion to quash, agreeing with both of his arguments. The prosecution appeals by right, and we reverse and remand for reinstatement of the charges.

## I. FACTUAL BACKGROUND

Detroit Police Officer William Morrison received a tip from a confidential informant that defendant was selling drugs out of a single-family home located in Inkster. On July 25, 2018, Officer Morrison and a team of Detroit police officers conducted surveillance on the home for approximately two hours. The officers saw numerous individuals enter the house for a short period of time and then leave. The police officers also observed defendant entering and exiting the home, walking around the property, and engaging in a hand to hand transaction with the driver of a car that stopped at the house.

-1-

On the basis of this surveillance, the informant's tip, and defendant's prior narcotics arrests, Officer Morrison obtained a search warrant for the residence. On July 26, 2018, Officer Morrison and other officers from the Detroit Police Department executed the search warrant. Defendant was alone in the home and was arrested. Within the residence, the officers found a knotted bag containing 42.3 grams of heroin, a knotted bag containing 11 grams of cocaine, a container holding a white powder that the officers believed to be "cut" drugs, pneumatic presses, and two pistols. Another individual was detained in the garage. And the officers discovered a knotted bag that contained 63.4 grams of cocaine on a work bench in the garage.

On January 11, 2019, defendant was bound over to the circuit court on all charges. On March 18, 2019, defendant moved to quash the information, raising the arguments set forth above; a hearing was held March 27, 2019, after which the circuit court granted defendant's motion. The circuit court concluded that there was insufficient evidence to establish probable cause that defendant possessed the cocaine, heroin, and firearms and that the Detroit police officers did not have jurisdictional authority to act in Inkster.

## II. JURISDICTION AND MCL 764.2A

MCL 764.2a concerns the jurisdictional authority of law enforcement officers when outside of their geographical boundaries, providing, in part, as follows:

> (1) A peace officer of a county, city, village, township, public airport authority, or university of this state may exercise the authority and powers of a peace officer outside the geographical boundaries of the officer's county, city, village, township, public airport authority, or university under any of the following circumstances:

> (a) If the officer is enforcing the laws of this state in conjunction with the Michigan state police.

> (b) If the officer is enforcing the laws of this state in conjunction with a peace officer of any other county, city, village, township, public airport authority, or university in which the officer may be.

> (c) If the officer has witnessed an individual violate any of the following within the geographical boundaries of the officer's county, city, village, township, public airport authority, or university and immediately pursues the individual outside of the geographical boundaries of the officer's county, city, village, township, public airport authority, or university . . . .

We review de novo the interpretation and application of MCL 764.2a. *People v Hamilton*, 465 Mich 526, 531-532; 638 NW2d 92 (2002), abrogated in part on other grounds by *Bright v Ailshie*, 465 Mich 770 (2002).

Here, it is undisputed that the Detroit police officers were acting outside of their jurisdiction when they surveilled and executed a search warrant at the home in Inkster. It is also undisputed that the officers were not acting in hot pursuit or in conjunction with the Michigan State Police or

-2-

the Inkster Police Department on July 25 and 26, 2018. Therefore, there was a violation of MCL 764.2a.

In *Hamilton*, 465 Mich at 530-533, our Supreme Court, addressing a violation of MCL 764.2a, observed:

> It is undisputed that, at the time of the stop and arrest, Officer Lockhart was acting outside his jurisdiction. MCL 764.2a, captioned authority of peace officers outside their own bailiwicks, provides that police officers may exercise their authority in jurisdictions other than their own if they are working in conjunction with authorities of that other jurisdiction. In this case, the officer was not acting in conjunction with law enforcement officers having jurisdiction in Howell Township, and thus his actions were not within MCL § 764.2a. It is also undisputed that the officer . . . was not in "hot pursuit" of the defendant . . . .
>
> * * *
>
> The Court of Appeals concluded that because the arrest was illegal, it warranted exclusion of evidence as the remedy. We disagree. That the officer acted without statutory authority does not necessarily render the arrest unconstitutional. The Fourth Amendment exclusionary rule only applies to constitutionally invalid arrests, not merely statutorily illegal arrests.

In *People v Collins*, 298 Mich App 458, 466-467; 828 NW2d 392 (2012), this Court similarly held:

> Defendant initially argues that the evidence recovered should be suppressed because the officers were acting outside their jurisdiction, in violation of MCL 764.2a(1). However, assuming this to be the case, it does not provide a basis for suppression. An arrest that is statutorily invalid under MCL 764.2a(1), which limits the authority a peace officer may exercise outside his jurisdiction, is not necessarily unconstitutional. A statutorily invalid arrest therefore does not automatically trigger the exclusionary rule. Our Supreme Court has determined that the Legislature did not intend for the exclusionary rule to apply to an arrest that is invalid under MCL 764.2a(1) because the statute was intended to protect the rights and autonomy of local governments, not to protect criminal defendants. [Quotation marks and citations omitted.]

Accordingly, in the instant case, the fact that the Detroit police officers acted outside of their jurisdiction in violation of MCL 764.2a did not render the arrest unconstitutional, did not warrant application of the exclusionary rule under the Fourth Amendment relative to the seized evidence, and did not support quashing the information.

Defendant argues, however, that police officers acting outside of their jurisdiction may not utilize the power of their office to gather evidence, investigate, or ferret out criminal activity not otherwise observable and then use the information to obtain a search warrant, all of which occurred here, thereby invalidating the warrant on constitutional grounds. In support of this proposition,

-3-

defendant cites *People v Meyer*, 424 Mich 143; 379 NW2d 59 (1985), in which "the trial judge, sua sponte, found that the undercover officer had purchased cocaine from the defendant outside the officer's bailiwick, and that the officer's action was without any legal authority or power as a law enforcement agent." *Id.* at 146. The trial court concluded "that the officer's actions were 'tainted with illegality,' [and it] . . . dismissed the case against the defendant." *Id.*

The Supreme Court indeed indicated that police "officers acting outside their jurisdiction but not in fresh pursuit may not utilize the power of their office to gather evidence or ferret out criminal activity not otherwise observable" so as "to prevent officers from improperly asserting official authority to gather evidence not otherwise obtainable." *Id.* at 159 (quotation marks and citation omitted). Our defendant, however, ignores the remainder of the *Meyer* Court's opinion, wherein it held:

> Furthermore, despite the fact that Officer Carpenter was acting outside his jurisdiction without authority and not in conjunction with a peace officer having jurisdiction over the City of Parchment, the defendant is not entitled to relief in the form of dismissal of the criminal felony information.

> * * *

> By no means should it be understood that we condone Officer Carpenter's activities in this case. What he did was plainly contrary to the statute and, as such, may properly warrant official sanction. . . . .

> In addition, an officer acting outside his bailiwick without authority may subject himself to civil liability. . . . .

> * * *

> It is clear, however, that under the facts of this case, the remedy, if any, to which defendant may be entitled does not include dismissal of the criminal charges against him. The fact that Officer Carpenter was acting outside his bailiwick does not preclude his swearing to the felony complaint or his acting as a complaining witness; nor does it preclude his giving testimony at the preliminary exam. The courts below erred in dismissing the charge and in upholding that dismissal. [*Id.* at 160-162.]

Accordingly, defendant's argument under *Meyer* is entirely unavailing and in fact supports reversal of the circuit court's ruling.[1]

---

[1] We also note that *Collins* involved the search of a car purportedly outside of the police officers' jurisdiction, yet reversal of the defendant's convictions was unwarranted. *Collins*, 298 Mich App at 466.

### III. PROBABLE CAUSE AND POSSESSION OF THE DRUGS AND FIREARMS

In *People v Waterstone*, 296 Mich App 121, 131-132; 818 NW2d 432 (2012), this Court discussed the applicable standard of review with respect to bindovers and motions to quash:

> This Court reviews for an abuse of discretion both a district court's decision to bind a defendant over for trial and a trial court's decision on a motion to quash an information. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. A trial court necessarily abuses its discretion when it makes an error of law. This Court reviews de novo questions of statutory construction. [Quotation marks and citations omitted.]

"Where a preliminary examination is permitted by law, the people and the defendant are entitled to a prompt preliminary examination." MCR 6.110(A). "If, after considering the evidence, the court determines that probable cause exists to believe both that an offense not cognizable by the district court has been committed and that the defendant committed it, the court must bind the defendant over for trial." MCR 6.110(E). MCL 766.13 provides:

> If the magistrate determines at the conclusion of the preliminary examination that a felony has not been committed or that there is not probable cause for charging the defendant with committing a felony, the magistrate shall either discharge the defendant or reduce the charge to an offense that is not a felony. If the magistrate determines at the conclusion of the preliminary examination that a felony has been committed and that there is probable cause for charging the defendant with committing a felony, the magistrate shall forthwith bind the defendant to appear within 14 days for arraignment before the circuit court of that county, or the magistrate may conduct the circuit court arraignment as provided by court rule.

In *People v Yost*, 468 Mich 122, 125-126; 659 NW2d 604 (2003), our Supreme Court discussed MCL 766.13 and the guiding principles in assessing probable cause:

> As the statute indicates, the preliminary examination has a dual function, i.e., to determine whether a felony was committed and whether there is probable cause to believe the defendant committed it. At the examination, evidence from which at least an inference may be drawn establishing the elements of the crime charged must be presented. The probable-cause standard of proof is, of course, less rigorous than the guilt-beyond-a-reasonable-doubt standard of proof. Probable cause requires a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt. Yet, to find probable cause, a magistrate need not be without doubts regarding guilt. The reason is that the gap between probable cause and guilt beyond a reasonable doubt is broad, and finding guilt beyond a reasonable doubt is the province of the jury. [Quotation marks and citations omitted.]

Defendant is charged with possessing cocaine, heroin, and firearms. The circuit court granted defendant's motion to quash the information after concluding that there was a failure to

show probable cause that defendant had possession of the drugs and guns. "Possession" of a gun is an element of felon-in-possession, MCL 750.224f; *People v Bass*, 317 Mich App 241, 268; 893 NW2d 140 (2016), and of felony-firearm, MCL 750.227b; *People v Peals*, 476 Mich 636, 640; 720 NW2d 196 (2006). Possession of a firearm can be actual or constructive, joint or exclusive, and proven with direct or circumstantial evidence. *People v Minch*, 493 Mich 87, 91-92; 825 NW2d 560 (2012); *People v. Hill*, 433 Mich 464, 469-470; 446 NW2d 140 (1989). With respect to possession of illegal drugs, the Michigan Supreme Court in *People v Wolfe*, 440 Mich 508, 519-520; 489 NW2d 748 (1992), held:

> A person need not have actual physical possession of a controlled substance to be guilty of possessing it. Possession may be either actual or constructive. Likewise, possession may be found even when the defendant is not the owner of recovered narcotics. Moreover, possession may be joint, with more than one person actually or constructively possessing a controlled substance.

> [T]he courts have frequently addressed the concept of constructive possession and the link between a defendant and narcotics that must be shown to establish constructive possession. It is well established that a person's presence, by itself, at a location where drugs are found is insufficient to prove constructive possession. Instead, some additional connection between the defendant and the contraband must be shown. [Citations omitted.]

In regard to possessory crimes in Michigan, the test for constructive possession is whether the totality of the circumstances revealed a sufficient nexus between the defendant and the contraband. *Minch*, 493 Mich at 91-92. A person has constructive possession if he or she knowingly has the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person. *Id.* at 92. Possession may be established through circumstantial evidence and the reasonable inferences arising therefrom. *People v Barbee*, 325 Mich App 1, 12; 923 NW2d 601 (2018). "The question of possession is factual and is to be answered by the jury." *Hill*, 433 Mich at 469.

We hold that the circuit court abused its discretion by concluding that the district court lacked probable cause to bind defendant over on the offenses involving possession of cocaine, heroin, and firearms. Again, Officer Morrison received information from a confidential informant that defendant was selling narcotics at a specific address in Inkster. According to the Wayne County Property Tax Records, the residence was owned by Newman Enterprises. Defendant was observed at the residence on July 25 and 26, 2018, and a car registered to defendant was parked in the driveway. Defendant was seen entering and exiting the home, walking around the property, and engaging in hand to hand transactions of some sort. The police witnessed numerous individuals who went to the home for very brief periods of time, which was indicative of drug trafficking. Defendant alone was inside the house when the search warrant was executed. Pneumatic presses, 42.3 grams of heroin, 11 grams of cocaine, and two guns were located inside of the residence. The combination of a reliable tip, the observations of defendant the day before the search warrant was executed, and defendant's sole presence inside the home where the contraband was located established probable cause for the district court to conclude that defendant had possession of the cocaine, heroin, and firearms. Stated otherwise, the prosecution presented a quantum of evidence sufficient to cause a person of ordinary prudence and caution to

conscientiously entertain a reasonable belief of defendant's guilt. One could reasonably infer from the evidence that there was a sufficient nexus between defendant and the drugs and the guns and that defendant knowingly had the power and intention to exercise dominion and control over the contraband at any given time.

The fact that another individual was in the garage where 63.4 grams of cocaine were found next to a digital scale when the search warrant was executed raises a question of fact for a jury to entertain regarding possession, but does not undermine the district court's determination that probable cause existed that defendant possessed the cocaine. Again, two or more individuals can jointly possess contraband, and defendant's activities at the house were adequate to establish probable cause with respect to possession of the cocaine found in the garage.[2] In sum, the circuit court abused its discretion by granting defendant's motion to quash the information, where it effectively substituted its own judgment for that of the district court. The district court did not abuse its discretion by binding defendant over for trial.

We reverse and remand for reinstatement of the charges against defendant. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Jane E. Markey

---

[2] We note that Officer Morrison testified that the confidential informant told him that defendant was selling drugs from the home and the garage.