*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

MONDRIO SIMMONS,

        Defendant-Appellee.

UNPUBLISHED
December 14, 2023

No. 366673
Wayne Circuit Court
LC No. 23-000523-01-FH

Before: LETICA, P.J., and O'BRIEN and CAMERON, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] the order granting defendant's motion to suppress the search warrant and evidence, and/or quash the bindover. Defendant was charged with possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv), possession with intent to deliver less than 50 grams of fentanyl, MCL 333.7401(2)(a)(iv), felon in possession of a firearm, MCL 750.224f, felon in possession of ammunition, MCL 750.224f(6), and four counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. We vacate the order granting defendant's motion to suppress and/or quash the bindover, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

The Livonia Police Department (LPD) received a tip from a confidential informant that defendant was involved in the sale and distribution of cocaine. LPD officers opened an investigation, which included surveying defendant near his home in Detroit and orchestrating controlled buys in Detroit. The LPD officers obtained a search warrant from a Livonia district court judge and they later executed the warrant at defendant's Detroit home. The LPD did not

---

[1] *People v Simmons*, unpublished order of the Court of Appeals, entered July 13, 2023 (Docket No. 366673).

notify or involve the Detroit Police Department (DPD) at any point during its investigation into defendant's activities. But, a Michigan State Police (MSP) canine unit was present during the raid.

During the search of defendant's home, LPD officers discovered fentanyl and cocaine, along with digital scales and firearms. Defendant was charged as noted, and was bound over for trial. Defendant moved to suppress the warrant and evidence discovered during the search, and to quash the information, which the circuit court granted. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion to suppress. *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009). "We review de novo whether the Fourth Amendment was violated and whether an exclusionary rule applies." *Id*.

## III. VIOLATION OF MCL 764.2A

On appeal, the prosecution argues the circuit court erred by finding the LPD officers violated MCL 764.2a when they conducted a search of defendant's home because a MSP trooper was present during the raid. This statute governs the jurisdictional authority of police officers. It states, in part:

> (1) A peace officer of a county, city, village, township, public airport authority, or university of this state may exercise the authority and powers of a peace officer outside the geographical boundaries of the officer's county, city, village, township, public airport authority, or university under any of the following circumstances:

> (a) If the officer is enforcing the laws of this state in conjunction with the Michigan state police . . . . [MCL 764.2a.]

However, the prosecutor appearing at the hearing below conceded that LPD officers violated MCL 764.2a despite executing the search of defendant's home in the presence of a MSP trooper. "The prosecution may not harbor error at the trial level and subsequently seek relief on the basis of that error." *People v Castillo*, 337 Mich App 298, 307; 975 NW2d 94 (2021) (quotation marks and citation omitted). Therefore, the prosecutor's present argument that MCL 764.2a was not violated is an appellate parachute and we decline to consider it.

## IV. SUPPRESSION OF THE EVIDENCE

The prosecution next argues that even if MCL 764.2a was violated, suppression of the evidence discovered during the search of defendant's home was not the appropriate remedy. We agree.

The Fourth Amendment to the United States Constitution, states in part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." US Const, Am IV; see also Const 1963, art 1, § 11. Accordingly, "the exclusionary rule prohibits the introduction into evidence of materials and testimony that are the products or indirect results of an illegal search, the so-called 'fruit of the

poisonous tree' doctrine." *People v Stevens*, 460 Mich 626, 633-634; 597 NW2d 53 (1999); citing *Wong Sun v United States*, 371 US 471, 487-488; 83 S Ct 407; 9 L Ed 2d 441 (1963).  But, the exclusionary rule is a remedy of last resort, *Herring v United States*, 555 US 135, 140; 129 S Ct 695; 172 L Ed 2d 496 (2009), and evidence discovered in the context of a violation of MCL 764.2a is not necessarily subject to the exclusionary rule.

For example, in *People v Hamilton*, 465 Mich 526, 527; 638 NW2d 92 (2002), reversed in part on other grounds *Bright v Ailshie*, 465 Mich 770, 775 n 5; 641 NW2d 587 (2002), our Supreme Court held that, though the defendant's arrest violated MCL 764.2a, the evidence gathered as a result of the illegal arrest was not subject to exclusion.  *Hamilton* reasoned that the violation of a jurisdictional statute did not equate to a constitutional violation, and that the exclusionary rule only applied to constitutional violations.  *Id*. at 532-533.

Here, the circuit court relied exclusively on the alleged violations under MCL 764.2a in granting defendant's motion.  It did not consider any specific constitutional grounds.  As such, the trial court erred in granting defendant's motion because, under *Hamilton*, the exclusionary rule in these circumstances applies to constitutional violations.

Even so, in his arguments below, defendant cited our Supreme Court's opinion in *People v Meyer*, 424 Mich 143, 154-155; 379 NW2d 59 (1985), in which the Court held that: "[P]eace officers who make a warrantless arrest outside their territorial jurisdiction are treated as private persons, and, as such, have all the powers of arrest possessed by such private persons.  In such cases, the officers' actions are lawful if private citizens would have been authorized to do the same."  (Footnotes omitted.)  Defendant argues that LPD officers were outside their jurisdiction in executing his arrest and were akin to private citizens.  And, because private citizens "do not have the authority to apply for a search warrant or to coordinate the purchase of illegal narcotics," the LPD officers also did not have this authority.  He believes the proper remedy was to suppress the evidence and dismiss the charges.

In making this argument, defendant ignored the portion of *Meyer* that considered the specific question of whether exclusion of the evidence is the appropriate remedy when information gathered in support of a search warrant is the product of an illegal investigation.  The Court determined that there was no authority—statutory or constitutional—that "disqualified [the officer] from swearing to and filing the complaint" or "from later giving testimony against the defendant at the preliminary examination."  *Meyer*, 424 Mich at 160.  The Court reasoned:

> By no means should it be understood that we condone [the officer's] activities in this case.  What he did was plainly contrary to the statute and, as such, may properly warrant official sanction. He may conceivably be liable to other consequences as well.  It might be argued, for example, that the exemption from criminal liability in the Controlled Substances Act that a police officer enjoys in the lawful performance of his duty does not extend to an undercover officer engaged in an illegal drug transaction outside his bailiwick and not in conjunction with a police officer having jurisdiction in the area.[]

> In addition, an officer acting outside his bailiwick without authority may subject himself to civil liability . . . .

-3-

It is clear, however, that under the facts of this case, the remedy, if any, to which defendant may be entitled does not include dismissal of the criminal charges against him. The fact that [the officer] was acting outside his bailiwick does not preclude his swearing to the felony complaint or his acting as a complaining witness; nor does it preclude his giving testimony at the preliminary exam. The courts below erred in dismissing the charge and in upholding that dismissal. [*Id*. at 161-162 (footnote omitted).]

In this case, the fact that LPD officers used evidence gathered during their purportedly unlawful investigation does not necessarily invalidate the search warrant or require dismissal of the charges. As noted in *Meyer*, it was constitutionally permissible for the officers to testify to the information gathered during their investigation, even though that same investigation violated their jurisdictional authority under MCL 764.2a.

Defendant also argues for the first time that the Michigan Constitution provides broader protections than those found under the Fourth Amendment to the United States Constitution. But, defendant offers no binding authority explaining why, under the Michigan Constitution, the exclusionary rule is the appropriate remedy for violations of MCL 764.2a. We therefore reject this novel argument.[2]

Vacated and remanded to the circuit court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Colleen A. O'Brien
/s/ Thomas C. Cameron

---

[2] In Fourth Amendment cases, both this Court and the Supreme Court have held that the Michigan Constitution does not provide more protection than the United States Constitution. *People v Faucett*, 442 Mich 153, 158; 499 NW2d 764 (1993); *People v Shields*, 200 Mich App 554, 557 n 1; 504 NW2d 711 (1993). We find no reason to apply a different standard for the Michigan Constitution in this case.